LALANCE & GROSJEAN MANUF'G CO. v. MOSHEIM.

(*Circuit Court, S. D. New York.* December 26, 1891.)

PATENTS FOR INVENTIONS—INFRINGEMENT—DEMURRER TO BILL—JUDICIAL NOTICE.
   When a bill for infringement is demurred to on the ground that the patent on its face is void for want of patentable invention, in view of old and well-known devices, the court will not take judicial notice that certain similar articles exhibited at the argument were in use before the date of the patent, when it has the slightest doubt that such was the fact.

In Equity. Bill by Lalance & Grosjean Manufacturing Company against Julius E. Mosheim for infringing a patent. Heard on demurrer to the bill. Overruled.

*Arthur v. Briesen*, for complainant.
*Robert N. Kenyon*, for defendant.

COXE, J. The defendant demurs on the ground that complainant's patent is, on its face, void for want of patentable novelty in view of old and well-known devices of which the court will take judicial notice. The patent No. 285,645 was granted September 25, 1883, to Milligan and Chaumont for an improvement in enameled iron wash-basins. At the argument various structures alleged to have been in use long prior to 1883 were produced, which, if properly proved, would strongly tend to support the defendant's contention. Though many of these, certainly, had a familiar appearance, the court could hardly say with absolute certainty that such structures were in existence prior to 1883. The authority of a judge to substitute his knowledge for legal proof should be exercised with the utmost caution and only in the plainest cases. If there be the slightest doubt it is by far the safer way to permit the cause to proceed in the usual manner. *Blessing v. Copper Works*, 34 Fed. Rep. 753; *Eclipse Co. v. Adkins*, 36 Fed. Rep. 554; *Standard Oil Co. v. Southern Pac. Co.*, 42 Fed. Rep. 295. In *New York Belting & Packing Co. v. New Jersey Car-Spring & Rubber Co.*, 137 U. S. 445, 11 Sup. Ct. Rep. 193, the question of patentability was presented by a demurrer. The supreme court say:

"We think that the demurrer should have been overruled, and that the defendants should have been put to answer the bill. Whether or not the design is new is a question of fact, which, whatever our impressions may be, we do not think it proper to determine by taking judicial notice of the various designs which may have come under our observation. It is a question which may and should be raised by answer and settled by proper proofs."

The other point—that the claims are void in view of the state of the art disclosed by the patent itself—involves a construction of the patent which it would be unsafe to undertake in the absence of explanatory proofs.

For these reasons the demurrer must be overruled.