CAPITAL SHEET–METAL CO. v. KINNEAR & GAGER CO.

(Circuit Court of Appeals, Sixth Circuit.    April 5, 1898.)

No. 547.

1. PATENTS—INVENTION—ANALOGOUS USE.
    The substitution of rounded corners in the panels of metallic ceilings for the sharp angles previously used in like panels involves no invention, it appearing that the advantage of making rounded corners in other articles constructed from sheet metals than ceiling panels was well understood by artisans.

2. SAME—METALLIC CEILING PANELS.
    The Kinnear patent, No. 388,285, for improvements in metallic ceilings, is void for want of invention as to claim 2, in which the only feature of novelty is the making of the panels with round corners.    81 Fed. 491, reversed.

Appeal from the Circuit Court of the United States for the Southern District of Ohio.

This was a suit in equity by the Kinnear & Gager Company against the Capital Sheet-Metal Company for alleged infringement of a patent for improvements in metallic ceilings.  The circuit court rendered a decree for complainant (81 Fed. 491), and the defendant has appealed.

C. C. Shepard, for appellant.

D. F. Patterson, for appellee.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

SEVERENS, District Judge.  This is a suit in equity, brought by the Kinnear & Gager Company, the appellee here, against the Capital Sheet-Metal Company, the appellant, complaining of the infringement of the rights secured by letters patent No. 388,285 to William R. Kinnear, issued August 21, 1888, which were subsequently assigned to the appellee.  The patent was for improvements in metallic ceilings, and relates specifically to the form of panels used for that purpose.  The second claim of this patent, which is the only one in controversy here, is this:

"(2) In a ceiling such as described, panels thereof constructed from continuous sheets, and having margins raised above the body, and the connecting portion between the body of the panels and the margins having rounded corners, substantially as described."

The defendant in the court below, by its answer, did not deny that it was constructing metallic panels in substantially the same form as those described in the patent, and covered by the second claim thereof.  Thus the question of infringement is not involved. But the answer denied that the patentee was the true, original, and first inventor of the device covered by the letters patent mentioned in the bill, and averred that the device was not an invention when produced by the said William R. Kinnear, and that it was not novel at the time of said invention; and this averment constitutes the substance of the controversy.  The case was heard in the circuit court upon the pleadings and proof.  The court sustained the validity of the patent, and entered a decree for the complainant; the court being of opinion that, although there had been previous constructions of substantially the same form, yet that their transfer to and employment in the construction of ceilings was an application to a new use so remotely allied to any previous use as to indicate the presence of invention.  To this conclusion we cannot agree.  The invention professes to be one of improvements in metallic ceilings, and relates to the formation of the panels of which such ceilings are composed, so constructed as to obviate the liability to breakage in the corners incident to the panels of the ordinary construction.  In the specification the patentee says:

"In panels of this nature having the edges raised above the body as constructed heretofore, the connecting moldings, C, of the adjoining sides meet at a sudden angle.  Under this plan, when the sheets are stamped, the metal is liable to be torn at the outer edges, where the strain is greatest, by offering to the strain the metal partly broken by forming the angle.  This, by dragging the edge open, presented an unsightly appearance, which has to be relieved by soldering in the corner an additional piece of metal in which the

angle is already formed.    It is to obviate this difficulty that I now stamp my sheets with the rounded corner shown in the drawings."

By comparing the panels of the Kinnear patent with the panels described in former patents and those which had been in previous use, it is seen that the only advance made by the invention embodied in claim 2 is in giving rounded corners to the connecting portion between the body or large central portion of the panel and the margins of the panel.    One Henry Adler, of Pittsburg, Pa., had some time prior to May 20, 1874, devised a plan for making metallic ceilings in thin panels which showed a depressed body with flanges turned up at the edges to be secured to the ribs which framed the spaces into which the ceiling was divided, and made application for a patent thereon May 20, 1874.    Upon this application letters patent No. 158,881 were issued January 19, 1875.    On November 24, 1885, letters patent were issued to Albert Northrop, also of Pittsburg, for improvements in metallic ceilings composed of panels, the main portion or body of which was flat and the margins raised with a connecting portion extending from the body upward to the margin.    In the panels of the Northrop patent the margin and the portion connecting it with the body were cut out at the corners of the panel down to the body thereof.    The only difference material to be noticed between the Northrop patent and the patent in suit consists in the fact that in the Northrop patent the corners were cut away, as just stated, while in Kinnear's patent the corners of the margin and connecting portion were made full and round.

This claim 2 in Kinnear's patent makes no reference to the ornamentation of the panel, nor to any peculiarity in its form which has special reference to any mode of connecting one panel with another in the ceiling.    Forms of thin metal swaged or struck up with dies corresponding to the form of the panel described in the claim in question had been in common use for various familiar purposes long previous to the date of Kinnear's application for a patent.    Examples of these are found in the instances referred to in the proofs in the present case, such as tea trays, lids of coal vases, and baking pans.    Others, like the wrought-iron sink in the Kilbourne patent which was in suit in the case of Kilbourne v. W. Bingham Co., 1 C. C. A. 617, 50 Fed. 697, and the instances mentioned in the opinion in that case, may be referred to as illustrations.    The prior existence of such constructions is not, as we understand, disputed by counsel for the appellees, but the contention is that such a form had not before been thought of in the use of panels for ceilings.    That the making of the angles in a circular form with dies appropriately shaped would render them stronger and more useful in keeping them clean and for appearance sake, was well known; indeed, the fact dwelt upon in the specification that they would be less liable to fracture in constructing them, and less liable to breakage in use, was well known to every one at all acquainted with the art of making them, or their subsequent use.    The question, therefore, comes to this: whether, in view of the facts that panels of metallic sheets had been made in such forms as were shown by the Adler and Northrop patents, that the forms of the identical construction called for by this

second claim had been so long in common use in other articles as to be familiar to everybody, and that the advantages of making the corners round were well understood by every artisan, the adoption of that form into the construction of thin metallic plates for panels in ceilings involved invention. It is earnestly insisted that there is evidence that it did in the fact that no one else appears to have thought of it before Kinnear, but this is a suggestion which is applicable to every step in the progress of the arts and to the production of every new thing. Long practice and observation naturally lead those familiar with the arts to the perception of new adaptations. Mechanical education and skill, fostered and promoted by the public, are rapidly advancing in every direction, and there is a constant and universal endeavor in handicraft to utilize that which is known, and press it into service in the practical arts. But the steps of this normal progress and improvement are not invention, nor the subject of monopoly to one who, in the exercise of the "skill of his calling," has put an old thing to a new use. It does not seem to us possible that the substitution of rounded corners in these panel plates for the sharp angles of the old construction referred to by Kinnear in the extract above quoted from his specification is indicative of anything more than the exercise of the common skill and judgment of those trained in the art to which the subject relates. Kinnear, in his specification, after stating the objects of his invention, says: "It consists in constructing the panels so that the sharp angles at the corners, which weaken the metal, and render it liable to breakage at those points, both in the manufacture and by the change of temperature, are avoided." And this, so far as it is involved in the second claim, is all that there is of his invention, for it was not new to make the panels of continuous sheets, with margins raised above the body by a connecting portion. It is suggested in the opinion of the court below that the continuous sheets of the Kinnear patent are not the same as the continuous sheets of the Northrop patent, but the "continuous sheets" are not more particularly described and mean no more than that they are one sheet, and not made up of parts. The panels of the Northrop patent, as well as those of Adler, conform to this description. For the reasons we have given, we think the improvement embodied in the second claim does not constitute a patentable invention. The decree below must be reversed, and the case remanded, with directions to dismiss the bill, with the costs of both courts.