THOMAS et al. v. ST. LOUIS & S. F. R. CO.

(Circuit Court of Appeals, Sixth Circuit. January 8, 1907.)

No. 1,561.

1. PATENTS—ACTION FOR INFRINGEMENT—DEMURRER.

The question of the validity of a patent on its face may be raised by demurrer in an action at law for its infringement.

2. SAME—NOVELTY—CAR TRUSS.

The Thomas patent, No. 570,148, for a lateral support for the sides and ends of cars, consisting of truss rods extending from the stakes on the outer sides and ends of the car to a plate beneath the car, is void on its face for lack of patentable novelty.

In Error to the Circuit Court of the United States for the Western District of Tennessee.

Greer & Greer, for plaintiffs in error.

G. S. Payson, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This was an action to recover damages for the infringement of letters patent No. 570,148, issued to W. A. Thomas, October 27, 1896, for a lateral support for sides and ends of cars. A demurrer to the declaration was sustained upon two grounds: First, because it did not contain certain averments required by section 4886, Rev. St. [U. S. Comp. St. 1901, p. 3382], and, second, because the patent itself upon its face lacked novelty and invention. The object of the invention, as stated in the specification, "is to provide a simple, inexpensive and efficient truss for car sides and ends * * * which, at the same time that it supports the sides against lateral pressure, will act as an anchor to prevent the sides from working upward away from the car floor." The invention itself consists of a truss rod extending from a seat or stirrup attached to the upper end of the stake on the outside of the side or end of the car diagonally downward through the side and bottom frame of the car to a truss plate where it is secured. In other words, it is a U bolt, which, instead of being applied to the lower end of the stake, as usual, is applied higher up, and, instead of extending directly inward, so as to be secured to the side, extends inward and downward, so as to be secured to the bottom of the car and for this purpose is necessarily lengthened.

There is nothing new in this device. The U bolt applied to stakes on the sides and ends of the cars has been in common use for many years. When lengthened and used as this device is, it becomes a truss or stay which is of as universal and familiar employment as perhaps any known mechanical device. Buildings, bridges, vessels, cars, derricks all use substantially the same appliance, or an appliance performing the same function, as that covered by the Thomas patent. The masts of a vessel are held in place by stays, the timbers of a derrick are supported in the same manner, while trusses hold together the frames of bridges and buildings. This is a matter of such common knowledge that the court below took judicial notice of it, and

149 F.—48

properly held the patent void on demurrer for lack of novelty. The fact that the action was one at law did not place the initial pleading beyond the reach of the demurrer. Brown v. Piper, 91 U. S. 37, 42, 23 L. Ed. 200; Slawson v. Railroad Co., 107 U. S. 649, 652, 2 Sup. Ct. 663, 27 L. Ed. 576; Black Diamond Co. v. Excelsior Co., 156 U. S. 611, 616, 15 Sup. Ct. 482, 39 L. Ed. 553; Richards v. Chase Elevator Co., 158 U. S. 299, 301, 15 Sup. Ct. 831, 39 L. Ed. 991; Richards v. Michigan Cent. R. Co., 102 Fed. 508, 43 C. C. A. 583; Id., 179 U. S. 686, 21 Sup. Ct. 918, 45 L. Ed. 386; Id., 186 U. S. 479, 22 Sup. Ct. 942, 46 L. Ed. 1259; American Fibre Chamois Co. v. Buckskin Fibre Co., 72 Fed. 508, 18 C. C. A. 62; Strom Mfg. Co. v. Weir Frog Co., 83 Fed. 170, 172, 27 C. C. A. 502; Northwood v. Dalzell, etc., Co., 100 Fed. 98, 40 C. C. A. 295; Drake Co. v. Brownell & Co., 123 Fed. 86, 59 C. C. A. 216; Baker v. Duncombe Mfg. Co. (C. C. A.) 146 Fed. 744.

The judgment is affirmed.

NOTE.—The following is the opinion of McCall, District Judge, on sustaining demurrer:

McCALL, District Judge. This is an action brought by the plaintiffs against the defendant to recover damages for an infringement of certain letters patent, No. 570,148, granted by the United States government to the plaintiffs Ocober 27, 1896, for a period of 17 years, to be used as a new and useful improvement in the lateral support for sides and ends of cars. The plaintiffs claim that, in violation of said letters patent, the defendant company has built, equipped, and does now use, and has used for about five years, railroad cars with a device for the lateral support of their sides and ends which is in all essential and material points identical with and substantially the same device described in the declaration and letters patent, to the damage of plaintiffs in the sum of $25,000, for which they sue. Profert is made by the plaintiff of said original letters patent. To this declaration the defendant interposes a demurrer.

The first cause of demurrer is general, and will be passed.

The second cause of demurrer is special, and states in substance that the declaration does not contain the necessary averment required by section 4886, Rev. St. [U. S. Comp. St. 1901, p. 3382]; that is, there is no averment that the alleged improvement said to be covered by said patent was not known or used by others in this country, and not patented or described in any publication in this or any foreign country before the alleged invention or discovery thereof, and was not in use or on public sale for more than two years prior to the application for said patent, or that it was abandoned. "It has been held in an action for infringement that allegations of the requirements contained in section 4886 (Revised Statutes) prior to the amendment, were necessary and material." Elliott Co. v. Fisher Co. (C. C.) 109 Fed. 330, and cases there cited. I am of the opinion, therefore, that the declaration in this respect is fatally defective, and this cause of demurrer is sustained.

The third cause of demurrer is that the said letters patent No. 570,148, granted to the said Thomas, October 27, 1896, are wholly void on their face for want of patentable novelty and invention. It seems to be usual for patent cases to be disposed of upon bill, answer, and proof, yet "there is no objection," says Mr. Justice Brewer, "if a patent be manifestly invalid upon its face, to the point being raised on demurrer, and the case being determined upon the issue formed." Richards v. Chase Elevator Company, 158 U. S. 299, 15 Sup. Ct. 831, 39 L. Ed. 991, and cases there cited. In examining those cases where this rule is laid down, it appears that most of them, if not all, were cases in equity.

My attention has not been called to any decision holding that a like rule would not hold good in a court of law, and I know of no such holding. Indeed, I can see no valid reason why, if the question of the validity of the patent

for want of novelty and invention may be determined upon a bill in equity and demurrer thereto, a like practice would not hold good in a court of law.

The question then presented is whether or not the patent in question is invalid for want of novelty and invention. In the letters patent the plaintiff, Thomas, the alleged patentee, declares that what he claims in his patent is a truss seat, a truss rod, a truss plate, used in combination on a gondola or coal car to support the sides and ends of the car attached, and passing down through the bottom of the car, where the ends of the truss rod are secured in a truss plate or washer, and thus to hold the sides and ends of the car from bulging or rising. A careful examination of the model forces me to conclude that there is nothing new in the several parts which compose the device or appliance. What is termed the "truss seat" is a hook projecting from a plate of which the hook is a part, and is familiar to every one who suspends his hammock on his porch, and has been in use from time immemorial. The truss rod is but an elongated U-bolt, made to conform to the parts of the car around which it is looped or bolted. The truss plate is but a piece of flat metal, with two holes to secure the ends of the so-called truss rod. The novelty, if any, consists in the combination and application, and new and useful results thereby accomplished. The arrangement of the different parts in combination is, therefore, the essence of the invention, if it be one.

To any one who has examined an ordinary gondola car, a section of which is illustrated in the brief of counsel for defendant on page 13, and which is copied from Car Builders' Dictionary, 1879, at page 241 and 488, it will appear at once that it is the same combination that we have in the case at bar. The difference in the present case is, the U-bolt is much longer and engages the stake at a point near the top, and the two ends of the U-bolt, instead of passing through the sides of the car and fastening on the inside, passes down the side of the car astride the stake through the bottom, where it passes through a plate and is secured by a nut. This is but a change in degree and the carrying forward of an old idea which is held not to be invention. Smith v. Nichols, 21 Wall. 112, 22 L. Ed. 566; Ansonia Co. v. Electrical Co., 144 U. S. 11, 19, 12 Sup. Ct. 601, 36 L. Ed. 327; Penn. R. R. Co. v. Truck Co., 110 U. S. 490, 4 Sup. Ct. 220, 28 L. Ed. 222.

In Goodyear Rubber Company v. Rubber Wheel Company, 116 Fed. 363, 53 C. C. A. 583, the Circuit Court of Appeals of the Sixth Circuit said: "The bringing together of old parts, allowing each to work out its own effect, without producing some new machine or product, is not invention. A combination of old elements, to be patentable, 'must produce a different force or effect or result, in the combined forces or processes, from that given by their separate parts. There must be a new result produced by the union, if not it is only an aggregation of separate elements.'"—citing Reckendorfer v. Faber, 92 U. S. 347–357, 23 L. Ed. 719. See, also, Lovell Mfg. Co. v. Carey, 147 U. S. 623, 13 Sup. Ct. 472, 37 L. Ed. 307; Capitol Sheet Metal Co. v. Kinnear & Gauger Co., 87 Fed. 333, 31 C. C. A. 3.

I am of the opinion that the patent is void on its face for want of invention, and the demurrer is sustained.