TOWNE STEERING WHEEL CO. v. LEE.

(Circuit Court of Appeals, Ninth Circuit. October 7, 1912.)

No. 2,057.

1. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—DEMURRER.

If there is obviously no patentable invention in a patented device, it is within the power and is the duty of the court to sustain a demurrer to a bill for infringement; but such power should be exercised with the utmost caution, and all doubts should be resolved against the defendant.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*

Pleading in infringement suits, demurrer for want of novelty and invention, see note to Caldwell v. Powell, 19 C. C. A. 595.]

2. PATENTS (§ 328*)—INVENTION—STEERING WHEEL FOR AUTOVEHICLES.

The Towne patent, No. 848,144, for a steering wheel for autovehicles, having a rim with a smooth outer surface, and an inner surface with scallops or indentations, to prevent the fingers of the operator from slipping, is void on its face for lack of invention.

Appeal from the Circuit Court of the United States for the Southern Division of the Southern District of California; Olin Wellborn, Judge.

Suit in equity by the Towne Steering Wheel Company against Don Lee. Decree for defendant, and complainant appeals. Affirmed.

Frederick S. Lyon, of Los Angeles, Cal., for appellant.

Henry T. Hazard, of Los Angeles, Cal. (Cassell Severance, of Los Angeles, Cal., of counsel), for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. A demurrer was sustained in the court below to the appellant's bill, which was brought for the infringement of letters patent No. 848,144, issued March 26, 1907, for "a steering wheel for autovehicles." The wheel is described in the specifications as having a rim with a smooth outer surface, and an inner surface with scallops or indentations, so that the fingers of the operator may tightly grip the wheel and hold the same from slipping. Two forms of construction are suggested—one in which the rim of the wheel is integral, and one in which there is an inner metallic rim secured to an outer wooden rim. The first two claims are substantially the same, and cover a steering wheel having a rim with a smooth outer surface and an indented inner surface to form a continuous finger grip for turning the wheel. The third claim is for a steering wheel having a rim composed of inner and outer members, the outer member being

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

supported in and by the inner member and having a smooth outer surface, and the inner member having an indented inner surface. The question presented on the appeal is whether the court below erred in sustaining the demurrer to the bill for want of patentable novelty in the device described in the patent.

[1] It is well settled by a long line of decisions that, if there is obviously no patentable invention in the device patented, it is not only within the power of the court, but it is its duty, to sustain a demurrer to the bill for want of invention, and to save the parties from useless costs and litigation. Brown v. Piper, 91 U. S. 37, 23 L. Ed. 200; Richards v. Chase Elevator Co., 158 U. S. 299, 15 Sup. Ct. 831, 39 L. Ed. 991; Thomas v. St. Louis S. F. R. Co., 149 Fed. 753, 79 C. C. A. 89; Buckingham v. Springfield Iron Co. (C. C.) 51 Fed. 236. It is equally well settled that, to justify the court in so disposing of the suit, the power of the court should be exercised with the utmost caution, and its judgment should be based upon certainty, and all doubts should be resolved against the defendant. Eclipse Mfg. Co. v. Adkins (C. C.) 36 Fed. 554; Lalance & Grosjean Mfg. Co. v. Mosheim (C. C.) 48 Fed. 452; Covert v. Travers Bros. Co. (C. C.) 70 Fed. 788; Strom Mfg. Co. v. Weir Frog Co., 83 Fed. 170, 27 C. C. A. 502; American Fibre-Chamois Co. v. Buckskin Fibre Co., 72 Fed. 508, 18 C. C. A. 662; Drake Castle Pressed Steel Lug Co. v. Brownell & Co., 123 Fed. 86, 59 C. C. A. 216.

The appellant argues that regard should be had to the allegations of the bill—which must be taken as true—averring that the trade and the public have generally accepted and acquiesced in the validity and scope of the patent, and that the invention has been extensively practiced and has gone into great and extensive use, and that those allegations made it incumbent upon the court below to allow the appellant the opportunity of proving those facts in aid of the presumption of novelty which arose from the issuance of the patent. That argument would be persuasive if there were room for doubt on the question of the novelty of the device. But we find no room for doubt. In Dunbar v. Meyers, 94 U. S. 187, 24 L. Ed. 34, it was said: "The Patent Act confers no right to obtain a patent except to a person who has invented or discovered some new and useful art, machine, manufacture, or composition of matter, or some new and useful improvement in one or the other of those described subject-matters." It is common knowledge that the expedient of roughening and corrugating the surfaces of handles of various implements is very old, and instances may be found in the handles of tennis rackets, fishing rods and baseball clubs, and that the handles of swords and knives from time immemorial have been indented on the inner side so as to render more firm the grasp of the fingers. In Appleton's Encyclopedia of Applied Mechanics, there appears a cut showing a round indented circular handle of a valve with an indented outer surface so made for the purpose of giving a firmer handhold upon the handle.

[2] It is urged that these objections do not apply to claim 3, for the reason that it calls for a built-up construction of the steering

wheel, which it is said is totally new. But we are unable to see how it can be asserted that a steering wheel in which the rim is integral, and which contains no invention, can be made patentable simply by dividing it into two parts. It remains as it was before, a rim with a smooth outer surface and an inner indented surface. Victor T. Mach. Co. v. Hawthorne & Shelby Mfg. Co., 178 Fed. 455, 101 C. C. A. 439.

The decree is affirmed.