## GENERAL BAKELITE CO. v. NIKOLAS.

### (District Court, E. D. New York.   July 29, 1913.)

PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—PLEADING.

Allegations in a bill for infringement of a patent respecting compliance by the patentee with the statutory prerequisites to entitle him to the patent *held* sufficiently specific under new equity rule 25 (198 Fed. xxv, 115 C. C. A. xxv), which requires "a short and simple statement of the ultimate facts," but an allegation merely that defendant infringed by making and offering for sale the patented article is insufficient as consistent with a rightful use.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

In Equity.   Suit by the General Bakelite Company against George J. Nikolas, trading as George J. Nikolas & Co.   On motion to dismiss. Sustained in part.

William H. Davis, of New York City, for the motion.

J. H. Brickenstein, of Washington, D. C., and William G. McKnight, of New York City, opposed.

CHATFIELD, District Judge.   The plaintiff (no longer "complainant") has brought suit alleging that the defendant has infringed a certain patent duly assigned to the plaintiff after its issuance by the Patent Office with the usual letters patent.   The plaintiff has also alleged the following:

"That on the ——— day of ———, 19——, one L. H. B., being within the meaning of the statutes of the United States then in force, the inventor of certain improvements * * * and being entitled to a patent thereon under the provisions of said statutes, duly filed * * * an application; that on the ——— day of ———, 19——, all of the requirements of the statutes of the United States then in force having been duly complied with, letters patent * * * were duly issued."

The same form of allegation is used with respect to each of the patents included in the complaint, and infringement is charged by alleging that "the defendant has manufactured and offered for sale varnish embodying the inventions."

The defendant has made a motion, under present equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), to dismiss the bill of complaint on the ground that, even if the matters therein alleged were true as alleged, the plaintiff has not stated a case which entitles him to recover in that the bill does not make allegations of fact showing that the prerequisites to the grant of a valid patent have been complied with, and that the allegation charging infringement does not state that it is without authority or grant of right so to do.   Other grounds upon which the motion was made are for obvious defects, which have been disposed of upon the argument, and the one stated is the only question to be considered.

Rule 29 provides that demurrers shall no longer be used; that defenses which could have previously been raised by demurrer shall

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be made by motion to dismiss or by answer; and that every such point of law going to the whole or a material part of the cause of action may be disposed of before final hearing, at the discretion of the court. The defendant is therefore justified and correct in his practice in applying to the court, by means of the present motion, with respect to a determination of what facts must be shown in the complaint to constitute a valid cause of action.

The defendant contends that the bill, in the part above set forth, presents no facts, when tested by the standard of previous decision, upon certain prerequisite matters such as are made requisite to the complainant's obtaining and enjoying a valid patent, as set forth in sections 4883, 4886, and 4887, R. S. (U. S. Comp. St. 1901, pp. 3381, 3382), and such as the denial of the right to do the acts charged as infringement. The defendant claims that the facts set forth are insufficient to constitute a cause of action, and that the language which is used, viz., "being entitled to a patent thereon under the provisions of said statutes," "all of the requirements of the statutes of the United States then in force having been duly complied with," and "has infringed," present conclusions that have never been approved of as good pleading and are insufficient from the standpoint of any decisions of the courts. Moss v. McConway-Torley Co. (C. C.) 144 Fed. 128; Elliott & Hatch Book-Typewriter Co. v. Fisher Typewriter Co. (C. C.) 109 Fed. 330; Parramore v. Joseph (C. C.) 109 Fed. 332; Thomas v. St. Louis & S. F. R. Co., 149 Fed. 753, 79 C. C. A. 89.

Equity rule 25 (198 Fed. xxv, 115 C. C. A. xxv) provides as follows:

"Hereafter it shall be sufficient that a bill in equity shall contain, in addition to the usual caption: (1) Name, etc. (2) Short statement of jurisdiction. (3) A short and simple statement of the ultimate facts upon which the plaintiff asks relief, omitting any mere statement of evidence. (4) Statement as to parties. (5) Prayer for special relief."

The third section involves a serious question as to the present form of bill called for by these rules and is the portion of the rule upon which this motion is based.

It is evident that the decisions of the courts as to what are necessary allegations of fact to be proven by the plaintiff, in order to entitle him to relief, are not changed by the present rules. In order to make out a prima facie case, the plaintiff must introduce the same evidence as before the adoption of the rules, if a defense be interposed raising the issue, under section 4920, R. S. (U. S. Comp. St. 1901, p. 3394). The defendant likewise must respect the same rules of decision and the same requirements of law and evidence in offering testimony. The statement by the Supreme Court rule that the bill shall contain "the ultimate facts" necessary has not done away with the necessity of proof, nor even of an allegation, in some form, that the plaintiff's position embodies the jurisdictional elements and the necessary facts to make out a prima facie case. The "ultimate fact" could be strictly but one fact as to each series of allegations, and the phrase is apparently intended to do away with the recital of evidence and preliminaries. The manner of interposing defenses by answer has not been

changed, but the requirements of good pleading have been embodied in the rule. Under section 4920, R. S., a general denial, followed by notice of separate defenses, will allow the issue of the separate defense to be raised, or these defenses may be raised *in the* answer.

The new rule 30 (198 Fed. xxvi, 115 C. C. A. xxvi) gives a new definition to the "general denial" and requires it to be specific, but section 4920 is still in force as to the necessity for pleading each defense relied upon. Rule 30 says:

"The defendant in his answer shall in short and simple terms set out his defense to each claim asserted by the bill, omitting any mere statement of evidence and avoiding any general denial of the averments of the bill, but specifically admitting or denying or explaining the facts upon which the plaintiff relies, unless the defendant is without knowledge, in which case he shall so state, such statement operating as a denial."

The words "specifically admitting or denying or explaining the facts upon which the plaintiff relies," imply a direct denial of any material element or fact upon which the plaintiff's case depends. The direction to avoid any general denial of the averments of the bill prohibits "negatives pregnant" or denial of the language *in his verbis,* and requires the use of specific defenses rather than a general plea like "not guilty" in a criminal case. But assuming these propositions, with the desirability of which no one can disagree, and assuming that the desire was to shorten the forms of pleading, we find the plaintiff going at once to an extreme and considering that the "ultimate facts" upon which he asks relief are merely the issuance and claim of right to a patent formally and "duly" granted, at a time and under conditions complying with the express requirements of the statutes and the decisions of the courts with respect thereto, and a statement that "infringement" (i. e., wrongful use) is simply "using."

The defendant is called upon to deny specifically the facts of the complaint, and a denial that the plaintiff had complied with any requirement of the statute would not seem to satisfy the rule and would not be sufficient, under section 4920, to put in the defenses desired. The defendant must still plead his defenses as definitely as before, and his "general denial" must now be made "specific" in its contradiction. On the other hand, if the statement of the rule requiring pleading only of the "ultimate facts" be held to require a short statement of each fact which has been held jurisdictional or necessary to make out a prima facie case, then the defendant would, in exactly the same way, be required to deny or controvert these specific allegations which he wishes to contest or be deemed to have admitted them as stated. Definiteness of pleading would seem to be produced by either method. Shortness and avoidance of technical difficulties in drawing the complaint, without causing any effect upon the further proceedings and making no difference with respect to the answer or upon the trial, would seem to be the result of the method adopted by the plaintiff herein, except as to the allegation of infringement. That allegation is consistent with a "rightful" use of the patent, and the absence of authority should be alleged.

This court considers that the purpose of the Supreme Court is to

207 F.—8

accomplish the results indicated and to have, the rules followed according to their plain intent and in a manner not calculated to defeat the real object of the rules. The rules indicate an intention to keep out unnecessary words and to make all of .the pleadings simple and definite. To say that a patent was "duly" issued may not cover all defenses as to the alleged inventor's own acts and rights, but the allegation. that he has "fulfilled all the requirements" and was "entitled" under the law, are statements of facts (involving conclusions it is true) but still coming within the new rule.

The case of Zenith Carburetor Co. and Société du Carburateur Zenith v. Stromberg Motor Devices Co., 205 Fed. 158, decided February 18, 1913, in the Southern Division of the District of Michigan, approved of a pleading setting forth fewer allegations than those at bar; and, while a copy has been presented upon this motion, we need not consider the differences in detail. The general conclusion as to interpretation of the rule is the same as that reached by this court, to the effect·that the verbose and reiterative forms under the old rules have been abolished, and that rule 25 requires no more than the allegations above set forth.

The motion will be granted as to the allegation of fact of alleged infringement, unless that allegation be amended within five days, and as to other matters the motion will be denied.