(Circuit Court of Appeals, Ninth Circuit. May 2, 1921.)

### No. 3613.

Before GILBERT, ROSS, and HUNT. Circuit Judges.

PER CURIAM. On the authority of Anderson v. Avey et al. (No. 3612) 272 Fed. 664, just decided, the judgment is affirmed.

---

### WESTINGHOUSE ELECTRIC & MFG. CO. v. FORMICA INSULATION CO.

(Circuit Court of Appeals, Sixth Circuit. May 6, 1921.)

### No. 3510.

Patents ☞328—1,167,742, claims 3, 7, 8, and 14, and 1,167,743, claim 3, for noiseless gears, held invalid for want of invention.

The Conrad patents, No. 1,167,742, claims 3, 7, 8, and 14, and 1,167,743, claim 3, for noiseless gears, having a self-sustaining body portion composed of bakelite micarta, which differ from the prior art only by recognition of the possibility of making such gears without reinforcing metal plates or shrouds, held void for want of invention.

Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio; John W. Peck, Judge.

Suit by the Westinghouse Electric & Manufacturing Company

against the Formica Insulation Company for infringement of patents. From a decree dismissing the bill (270 Fed. 632), plaintiff appeals. Affirmed.

A. M. Allen, of Cincinnati, Ohio, and John C. Kerr, of New York City (Allen & Allen, of Cincinnati, Ohio, and Kerr, Page, Cooper & Hayward, of New York City, on the brief), for appellant.

J. Edgar Bull, of New York City, John H. Lee, of Chicago, Ill., and Wood & Wood, of Cincinnati, Ohio (Dyrenforth, Lee, Chritton & Wiles, of Chicago, Ill., on the brief), for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. Suit for infringement of patents numered 1,167,-742 and 1,167,743, to Conrad, assignor to plaintiff, relating to noiseless gears, both issued January 11, 1916, under original application of July 2, 1913—the claims in issue being Nos. 3, 7, 8, and 14 of the first-numbered patent, and claim 3 of that bearing the second number. Claim 7, which is fairly typical of the four claims of the first-numbered patent, reads:

"A gear having a self-sustaining working body portion, composed of fibrous material and a phenolic condensation product."

Claim 3 of the second-numbered patent, reads:

"A gear having a self-sustaining working body portion, composed of laminations of cloth and a phenolic condensation product."

The only difference between the two claims quoted is that the first calls for "fibrous material," and the second for "laminations of cloth." A characteristic feature of each of the claims in suit is the lack of requirement of end plates or shrouds for the completed gears.

The District Judge dismissed the bill on this course of reasoning: That Conrad was not the first inventor of the use in gear making of a fibrous material bound by a phenolic condensation product, nor [necessarily implied in the facts found] of a self-sustaining material of that character; that hard fiber, so called, was a self-sustaining material, and had previously been familiarly used for the manufacture of noiseless gears, with or without shrouds; that the new element which made plaintiff's gears highly useful and commercially successful, and superior in some adaptations to all preceding types of noiseless gears, was the composition of bakelite and fiber known as "bakelite micarta," which was not Conrad's production, but that of Baekeland; that bakelite micarta was in substance an improved hard fiber, although the micarta contained a new and better binding cement and the process of its manufacture left the fiber unimpaired; that Baekeland considered reinforcing plates necessary to the strength of the gear, but that Conrad had sufficient confidence in bakelite micarta to describe a gear made of it without the use of shrouds (so recognizing that under some conditions, at least, shrouds were unnecessary, and so describing them as an alternative), although not sufficiently confident to discard them altogether—his claims accordingly covering gears with or without end plates.

The District Judge was of opinion that the difference between Baekeland and Conrad was that the former considered reinforcing plates essential to the strength of the gear, while Conrad considered them optional with the gear maker, that Conrad's effort must be construed to have been the successful selection of material rather than invention, that the most which can be claimed for him was the originating of gears of the material described, without necessarily depending upon the use of shrouds or other metallic strengthening members, and that this advance was not patentable invention. 270 Fed. 632.

Consideration of the record and briefs and of the arguments of counsel is convincing of the correctness of the court's conclusions. That each of the Conrad claims in suit was intended to cover gears of bakelite micarta, whether shrouds were used or not, plainly appears from these considerations: The claims do not in terms exclude shrouds, on the contrary, the term "self-sustaining working body portion" was obviously meant to be broad enough to include the "working body" between the metal shrouds, should they be used; the specification expressly provides for gears with shrouds for "added strength" and to protect the edges of the gears (indeed, Fig. 3 of the first-numbered Conrad patent shows end plates); metallic plates are excluded as unnecessary in any case for clamping processes, but not as unnecessary in all cases for strengthening the gear. These considerations are emphasized by the facts that plaintiff began making the bakelite micarta gears with shrouds, progressively leaving them off larger and larger sizes, and as late as August, 1916, publicly recommending end plates "wherever the requirements are unusually severe, or where the diameter of the gear is several times the width of the face." These considerations apply equally to "fibrous material" and "laminations of cloth."

We are not impressed by plaintiff's criticism that the metal plates could not be taken from the Baekeland gear without destroying it entirely and "leaving the binding material alone, with nothing to bind." In fact, plaintiff's expert concedes that, if the outside plates "came off" from Fig. 1 of the Baekeland gear patent, we "would have the Conrad gear." The fact that Baekeland describes his end plates as "interlocking" with the "homogeneous and nonplastic body lying between" them does not establish their function as compression plates, but is consistent with the idea of a purely strengthening purpose, especially when considered with other portions of the specification. But, even if Baekeland had supposed shrouds necessary to make the gear "self-sustaining," the result is not changed thereby; for a prior use of hard fiber gears is thoroughly established, and not only of self-sustaining character, but in limited sizes without shrouds; and the record discloses no good reason why the skilled mechanic should have doubted that bakelite micarta had as favorable properties in the direction stated as hard fiber. It is conceded that there would be no invention in substituting bakelite micarta for hard fiber in the manufacture of gears, and it appears that hard fiber gears are used for automobiles and other purposes without shrouds, up to a diameter of seven inches. It is true that hard fiber gears had previously been used only in small sizes and

where the strain was comparatively light. But, if the claims of the Conrad patents in suit are valid, small gears equally with large gears would infringe. The patents are not sustainable as to large gears if invalid as to small gears. A line of demarcation would be impossible. Upon this record invention can scarcely be thought to reside in the discovery that the then well-known bakelite micarta was in fact strong enough for use without shrouds in still larger gears than those in which hard fiber had theretofore been so used. We need scarcely say that commercial success is not important where lack of invention is otherwise clear.

We not only think the conclusion reached below was right, and that the decree must be affirmed, but, in connection with the comments we have made, we adopt the opinion of Judge Peck as a sufficient statement of the grounds of our affirmance.