### Application of TALLEY.

(Court of Appeals of District of Columbia. Submitted January 9, 1923. Decided April 3, 1923.)

#### No. 1538.

I. Patents ⬡⟳66—Claim for gear of self-sustaining molded material, on metal hub, held anticipated.

A claim for a gear of self-sustaining molded material, which is consolidated on a metal hub by heat and pressure, was anticipated by previous patents showing gear wheels made entirely of the same material, and showing such material consolidated with a metal hub by pressure without heat.

2. Patents ⬡⟳65—Description, to be anticipation, need only enable person skilled in the art to manufacture.

For a prior patent to be anticipation, it is not necessary that it should be so exact in its disclosures that it may be followed by any mechanic; but it is sufficient, under Rev. St. § 4888 (Comp. St. § 9432), if it sets out the invention in such terms as to enable any person skilled in the art to which it appertains, or with which it is most closely connected, to make it.

3. Patents ⬡⟳36—Commercial success is not controlling, where lack of invention is clear.

Commercial success is not a determining factor as to patentability, where lack of invention is clear, since an anticipating patent, though commercially undesirable, may teach one skilled in the art how to make it a commercial success without invention.

Appeal from the Commissioner of Patents.

In the matter of the application of Randal E. Talley for a patent. From a decision of the Commissioner, rejecting the application, applicant appeals. Affirmed.

Wesley G. Carr, of East Pittsburgh, Pa., and H. C. Bierman, of Wilkensburg, Pa., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMYTH, Chief Justice. Talley appeals from a decision of the Commissioner of Patents rejecting his application for a patent on a gear and the method by which it is made, filed May 15, 1917. He says the subject-matter of his invention is a gear of self-sustaining molded material, consisting of a metal hub or support having a central opening therein for securing the gear to a shaft or similar rotatable member. The periphery of the hub is roughened or knurled, and a working body portion of laminated material, consisting essentially of fibrous sheet material impregnated with a phenolic condensation product, is consolidated upon the hub by heat and pressure. The issue is expressed in thirteen counts, of which 6 and 12 are illustrative.

6. A gear wheel comprising a peripherally roughened hub and a self-sustaining working portion of nonmetallic material carried by the said hub in engagement with the roughened surface thereof, the said working portion being composed of fibrous material and a binder.

⬡⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

12. The process of making gear wheel and other machine elements that comprises forming an annular support having a roughened surface and applying a molded working member to the roughened surface of the said support.

The references upon which the Commissioner rejected the application are a patent to Sweeney, in 1874; Gilliland, 1883; Grannis, 1903; Hutchins, 1906; Baekeland, 1915; Alden, 1917; Starker, 1918, on an application filed April, 1917; two patents to Conrad, 1916; and one to Kronstein (British), 1901.

[1] A critical examination of those patents discloses that, taking them as a whole, they anticipate each element in the claims of the application. The subject-matter of the Conrad patent is a nonmetallic or noiseless gear. To obtain it sheets of fibrous material are impregnated with a phenolic condensation product, pressed under heat until the material is fully impregnated and firmly cemented into a hard, compact mass, resulting in a laminated fibrous material capable of withstanding great heat, of high tensile strength, which can be turned and bored in the same manner as wood. This patent was declared invalid, because anticipated by the one to Baekeland. Westinghouse Electric & Mfg. Co. v. Formica Insulating Co. (D. C.) 270 Fed. 632, affirmed on appeal (C. C. A.) 272 Fed. 668.

The Baekeland patent shows an entire wheel made of fibrous material and a condensation product reinforced by a plate and consolidated under huge pressure. While it is not shown as applied to a wheel of the hub type, but of a type that is secured directly to a shaft, that is immaterial. Baekeland regarded reinforcing plates as essential to the strength of his gear, while as to the Conrad patent they were considered optional with the gear maker, and this constituted the difference between the two patents. An expert testified in the Westinghouse Case, supra, that if the outside plates or shrouds were removed from the Baekeland patent it would then be the same as the Conrad gear, and it was held that dispensing with the shrouds did not constitute invention. We have, then, in those patents an anticipation of the self-sustaining molded material and the working body portion of laminated material, consisting essentially of fibrous sheet material impregnated with the phenolic condensation product of the application.

Grannis has a metal hub portion and a rawhide portion clamped between two metallic collars, and ribs which prevent relative rotative movement of the hub and rawhide portion. While Grannis does not mold his material on the hub, he attaches it thereto by pressing it upon a sleeve having sharp longitudinal projections. The step from this method to that of consolidating it upon the hub by heat and pressure would not involve invention. Talley uses heat, while Grannis does not, but both employ pressure.

Gilliland, Sweeney, and Alden show a metal hub. These, with the other references, disclose that it is old to form the hub of metal for strength, and to form the peripheral or working portion of a lighter or more suitable material.

Hutchins has a peripherally roughened hub. He states that the hub may have projections, or other means may be employed to give a positive drive. Talley says that Hutchins' patent is not a true reference,

because it is inoperative as to that part which relates to the formation of the tooth surface of his gear. But, as Talley claims no novelty for his method of formation of teeth, but merely utilizes an old method, it seems that this is immaterial.

[2] Besides, it is not necessary that a patent should be so exact in its disclosures that it may be followed by any mechanic. If it sets out the invention in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it appertains, or with which it is most closely connected, to make, construct, compound, and use the same, it is sufficient. Section 4888, R. S. (Comp. St. § 9432). We think the Hutchins disclosure satisfies these requirements, and would enable a person skilled in the art to make the device.

[3] Talley, in support of his contention that he has produced something patentably new, says that he experimented almost two years upon the device described in his application, and that the result of his labors is a commercial success, implying that the work of those who preceded him in the same field of endeavor is a failure. For reasons given we think that the patents to which we have referred, if consulted by him, would have taught him how to overcome his difficulties. While commercial success is not to be ignored, it is by no means a determining factor in a case like this, where lack of invention is clear. Westinghouse Electric & Mfg. Co. v. Formica Insulating Co., supra. An anticipating patent, though crude and commercially undesirable, may teach one skilled in the art how to make it a commercial success without invention.

Being satisfied that the decision of the Commissioner of Patents is right, we affirm it.

Affirmed.