### WESTMORELAND SPECIALTY CO. et al. v. HOGAN.

(Circuit Court of Appeals, Third Circuit. February 15, 1909.)

#### No. 47.

1. PATENTS (§ 16*)—VALIDITY—UNRECOGNIZED BENEFITS OF INVENTION.
   The mere failure of a patentee to realize all the benefits and possibilities of his invention does not render his patent invalid, the benefits which test, time, and use develop being what really determine merit.
   [Ed. Note.—For other cases, see Patents, Dec. Dig. § 16.*]

2. PATENTS (§ 328*)—INVENTION—DREDGE.
   The Hogan patent No. 752,903, for a dredge for salt and pepper, having a celluloid cap, which has the advantage over metal caps that it will not oxidize and of being flexible so as to make a better joint, and the greater advantage that it insulates the salt and prevents it from caking, was not anticipated, and discloses invention. Also, *held* infringed.
   [Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

3. PATENTS (§ 286*)—SUIT FOR INFRINGEMENT—TITLE OF COMPLAINANT.
   A transfer of a patent by the patentee *held* merely by way of pledge, and not to disable him to maintain a suit for infringement.
   [Ed. Note.—For other cases, see Patents, Dec. Dig. § 286.*]

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For former opinions, see 145 Fed. 199; 154 Fed. 66, 83 C. C. A. 178; 163 Fed. 289.

Howard P. Denison (Wm. A. Jones, of counsel), for appellants.

E. M. Marble (Charles Howson, of counsel), for appellee.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, Oliver K. Hogan charged the Westmoreland Specialty Company with infringement of patent No. 752,903, granted to him February 23, 1904, for a dredge. That court, in an opinion reported at (C. C.) 163 Fed. 289, sustained the patent and found infringement. From a decree to that effect respondent appealed.

The opinion below is so exhaustive that we content ourselves with reference to it for the details of this case. It suffices to say the patent concerns a celluloid top dredge, the principal use of which is holding salt. While at first thought the device seems of minor importance, yet it has, in its sphere, served a very useful purpose, and has gone into rapid and general use. The use of celluloid as a dredge cap has several advantages: First, it will not oxidize; second, its flexibility adjusts it to irregular, noncircular, screw-mouthed vessels; and, third, it insulates the salt, keeps it dry, and prevents it from caking. This

---

insulating capacity of celluloid is not generally known. It arises from the fact that practically no surface moisture film or layer of adsorbed (not absorbed) moisture is deposited on celluloid. Under ordinary atmospheric conditions, metals and glass have layers of condensed moisture too thin to be perceptible to sight or touch. The ordinary salt cellars, prior to Hogan's device, had glass bases and metal tops, which collected moisture films. The moisture layers serve as wicks to convey moisture from the air to the salt in the cellar. The salt at the base of the cellar absorbs from the adjacent glass wall the moisture thereon. This is replaced by moisture drawn from higher up, and thus a continuous downward moisture transference goes on from the cap to the base of the cellar. This soon converts a perfectly dry mass of salt in the cellar to a moist, sticky one. The moisture film on the metal cap being the supply source of this downward process, the substitution of a celluloid top insulated the salt from the humidity of the external air. This highly desirable result was novel, and by it a dredge with a new function was created. It is true that at the time this patent was applied for the particular process of moisture supply from a metal cap and the insulating capacity of celluloid to stop it were not stated, or, indeed, known to the patentee. He knew metal caps would oxidize, and substituted celluloid to stop oxidation, and such use has shown that the stoppage of oxidation resulted in keeping the salt dry. But the mere failure of a patentee to realize all the benefits and possibilities of his invention is not fatal. The after-discovery of unsuspected usefulness in a disclosed apparatus, far from detracting from its value, may serve to enhance it. It is the benefits which test, use, and time unfold that really determine merit. It is this after-test, the test of use, that proves the worthlessness of the great majority of patents and establishes the value of the few. We are therefore of opinion that the after-recognition of the scientific fact of the insulating capacity of his celluloid dredge cover should not affect the validity of Hogan's patent. It had other patentable advantages. Mechanically, its flexible top could be used on dredges of irregular, noncircular mounted dredges, which latter could not be used at all with metal caps. Moreover, the nonoxidizable celluloid top made a much cleaner and more hygienic dredge. The fact that a celluloid cap had been previously used on a talcum-powder bottle, far from being an anticipation of its use on a dredge, rather tends to emphasize the novel character of Hogan's device. Although it was so used, it never suggested to any one its use on a dredge. But reflection will show they are not analogous uses. Talcum powder is a dry, chalky substance which neither caked nor became damp. Hence oxidation, causing dampness, or hygienic considerations and their avoidance, were not involved in its use on a talcum bottle. After full consideration, we are therefore of opinion the court below rightly sustained the patent.

We agree with it also in holding that Hogan could maintain this bill. The papers which it is contended showed an assignment by Hogan are set forth at length in the court's opinion. It rightly held they should be considered as a whole. As such, it is clear there was no

intent to transfer the title. On the contrary, there was a clear intent not to do so. In substance, there was a temporary pledge whereby Hogan's indebtedness could be liquidated from the proceeds of a business carried on under the patent. As the rights of other parties may be involved in these papers, we refrain from any present discussion of them, contenting ourselves with saying they did not preclude Hogan from maintaining this suit.

The decree below is affirmed.