## INDIVIDUAL DRINKING CUP CO. v. UNITED STATES DRINKING CUP CO.

(District Court, D. New Jersey. September 11, 1914.)

1. PATENTS ⟨⟩172—SCOPE—DIFFERENT FORMS OF DEVICE.

A patentee is deemed to claim every form in which his invention may be copied, unless he manifests an intention to disclaim some of those forms, or where form and substance are inseparable.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 247; Dec. Dig. ⟨⟩172.]

2. PATENTS ⟨⟩35—EVIDENCE OF INVENTION—COMMERCIAL SUCCESS.

That the device of a patent is the only practical one which supplies a recognized want and has gone into general and extensive use is sufficient to turn the scale in favor of invention when it is in doubt.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 39; Dec. Dig. ⟨⟩35.]

3. PATENTS ⟨⟩328—VALIDITY AND INFRINGEMENT—HOLDER FOR INDIVIDUAL DRINKING CUPS.

The Luellen patent, No. 1,043,854, for a device for storing and dispensing individual drinking cups, was not anticipated and discloses invention; also held infringed.

In Equity. Suit by the Individual Drinking Cup Company against the United States Drinking Cup Company. On final hearing. Decree for complainant.

Clifford E. Dunn, of New York City, for complainant.
Howard H. Williams, of New York City, for defendant.

HAIGHT, District Judge. The bill in this case seeks to enjoin an alleged infringement of United States letters patent No. 1,043,854, granted to Lawrence W. Luellen, and dated November 12, 1912. The subject-matter of the patent is a device for storing and dispensing individual drinking cups in a simple and sanitary manner. Its object, broadly stated, is to provide a substitute for the public drinking cup.

It had been recognized for a number of years that the public drinking cup was a menace to health, and that something was needed to

take its place. The difficulty had been to find an adequate substitute; some means whereby an inexpensive cup (which after one use could be discarded) could be dispensed to the public easily, simply, and in an entirely sanitary manner. It is unquestionable that the device of the patent in suit, if it did not wholly solve the problem, at least went a long way towards doing so. When it was put upon the market it was very generally accepted, and now has a large and extensive use. It is also clear that before this device was placed upon the market no adequate or satisfactory device had been found.

The defendant contends both that its device does not infringe the patent and that the latter is invalid. The contention regarding non-infringement is based entirely on the theory that the drawings of the patent in suit indicate that the nest of cups is to be inserted in the dispensing chamber at the top thereof, and that the defendant's device permits the insertion of these cups at a point adjacent to the opening at the bottom. This contention is without merit. The exhibits of the complainant's device are constructed, so far as the place for inserting the nested cups is concerned, the same as defendant's device. The claims of the patent do not limit or describe where the nested cups are to be inserted in the dispensing or receiving chamber, and in fact the specifications state that many modifications and changes may be made from the forms specifically shown and described therein. This feature of the device is of little importance. The main feature is the means whereby the nest of cups is retained in the receiving chamber, and which permits a part of one cup at all times to project from the chamber, so as to be easily withdrawn, and at the same time keeps the rim, which touches the lips, free from any contamination.

[1] The defendant's device clearly embodies the features set forth in the claims of the patent. The same elements, co-operating in the same way, are present in both. There is at the most but a slight and unimportant change in form, which in no way changes the functions or mode of operation. This does not avert infringement, as it is well settled that an inventor, in contemplation of law, is deemed to claim every form in which his invention may be copied, unless he manifests an intention to disclaim some of those forms, or where form and substance are inseparable. Winans v. Denmead, 15 How. 330, 14 L. Ed. 717. The patentee of the patent in suit has specifically disavowed any such intention.

The main contention of the defendant is that the patent is invalid, because, in view of the prior art, it lacks invention. Eight patents were offered in evidence to support this contention. Of these, however, only three need be considered. The others do not seem to be seriously relied upon. They in no sense can be considered as anticipating any of the claims of the patent. In fact, it is difficult to see why they were introduced. Some of them, namely, the Van Sant, Ford, and Sorg patents, serve, however, to show that the necessity of a device for dispensing individual drinking cups has been recognized since 1890. The only patents which need be discussed (and for that matter they only are dwelt upon by counsel) are the Dean patent, No. 466,298, granted in 1891, for a "magazine holder for cartridges," the Wilson and Neely patent, No. 570,113, granted in 1896.

for a "cork cabinet," and the Peirce patent, No. 494,346, granted in 1893, for a "cup holding and *lifting* attachment for public drinking places."

All of these patents were before the board of examiners in chief when the patent in suit was granted, and were discussed by them. While the Peirce patent was designed to dispense individual drinking cups, through the form of a stack of nested cups in a receiving or retaining chamber, it did not operate on a principle at all similar to that of the patent in suit. As expressed in the title of the patent, it was for a *"lifting"* device. The cups are forced upwards in the chamber by means of pulleys attached to a block placed under the nest of cups. The pulleys are operated by means of a pulley rod and a handle, so that when one desired a cup he would pull up the handle, which would, through the pulleys and block, force the nested cups so that the bottom of at least one cup could be grasped for removal. In the patent in suit the cups are successively placed in position for removal by force of gravity, and retained in that position by the peculiar construction of the tube opening.

By a forced construction, the language contained in certain of the claims of the patent in suit may be broad enough to describe a device such as that covered by the Peirce patent. The third claim of the patent in suit, however, clearly cannot be covered by the Peirce patent, for it provides for "a delivery opening at the *lower* end thereof, through which said cups are adapted successively to project." The receiving chamber in the Peirce patent had its delivery opening at the upper end.

The Dean patent was designed for holding and dispensing cartridges. It contained a dispensing chamber, to be made of "leather, duck, canvas, or analogous material," and a metallic tube at the lower end thereof, made in such a way as to engage the flange of the cartridge and at the same time possible of being flexed, so as to permit the withdrawal of the lowermost cartridge. As it is withdrawn, the next cartridge is designed to then fall in place, ready for delivery; but it is prevented from leaving the dispensing tube or pouch, until withdrawn, because of the means provided in the tube to engage the flange of the cartridge. It is quite evident that the principle of this device and that of the patent in suit, while in a broad sense similar, is in an important particular opposite. The one operates on the principle of being flexed by the object to be withdrawn, while the other permits withdrawal by reason of the flexibility of the object to be withdrawn.

The Wilson & Neely patent covered a cork cabinet. One of the elements of the combination is a set of tubes secured to the door of the cabinet. The tubes contain corks, placed one above the other, the lowermost projecting beyond the end of the tube, so that it may be grasped for removal. Upon withdrawal of the lowermost cork the next comes into position to be withdrawn. The end of the tube is "crimped," so that the larger end of the cork is engaged by it, while the smaller end projects beyond. By reason of the flexibility of the corks they can be withdrawn. This is quite similar in principle to the patent in suit, but it is not designed to handle such fragile objects

as paper cups, which seem to acquire the necessary resisting strength from the nesting feature.

Assuming that either of these devices, by alterations, could have been made to perform the same function and could be put to the same use as the device of the complainant's patent (which is all that the defendant contends), the question is whether their adaptation to the new use involves invention or ordinary mechanical skill. The rule applicable, as stated by Mr. Justice Brown in Potts v. Creager, 155 U. S. 597, 15 Sup. Ct. 194, 39 L. Ed. 275, is as follows:

"If the new use be so nearly analogous to the former one that the applicability of the device to its new use would occur to a person of ordinary mechanical skill, it is only a case of double use; but if the relations between them be remote, and especially if the use of the old device produce a new result, it may at least involve an exercise of the inventive faculty."

[2] It is entirely clear that the respective uses to which the Wilson & Neely and Dean devices were designed to be put are not analogous to that of the patent in suit. The relations between them are remote. A new and valuable result has been produced. The device of the patent in suit has gone into general and extensive use and displaced other devices for dispensing individual drinking cups, and for that matter is the only practicable substitute for the public drinking cup which has yet been found, thereby supplying a recognized want. These considerations are sufficient to turn the scale in favor of invention, when it is in doubt. Potts v. Creager, supra; O'Rourke Engineering, etc., Co. v. McMullen, 160 Fed. 939, 88 C. C. A. 115 (C. C. A. 2nd Cir.); Steiner & Voegtly Hardware Co. v. Tabor Sash Co., 178 Fed. 841 (C. C. N. J.); Protector Last Co. v. Pell, 204 Fed. 453 (D. C. N. J.). The device is simple, but this very feature was necessary to make it satisfactory and accomplish its general purpose; i. e., supplant the public cup.

Although the evidence shows that the necessity for a means of providing and dispensing individual drinking cups in a sanitary manner has been evident for a long time, and although the Dean patent was granted in 1891, and the Wilson & Neely patent in 1896, it had never occurred to any one before the patentee of the patent in suit to apply the principle of either of those patents to that of dispensing individual drinking cups. This very fact was said in Hobbs v. Beach, 180 U. S. 392, 21 Sup. Ct. 409, 45 L. Ed. 586, to be evidence that the man who discovered the possibility of the adaptation to the new use was gifted with the prescience of an inventor. See, also, Westmoreland Specialty Co. v. Hogan, 167 Fed. 327, 93 C. C. A. 31 (C. C. A. 3d Cir.).

[3] The invention of the present patentee consisted, not in changing the devices of the Dean and Wilson patents to perform the function of the patent in suit, but rather in the idea that it could be done. Hobbs v. Beach, supra, 180 U. S. 393, 21 Sup. Ct. 409, 45 L. Ed 586; Potts v. Creager, supra, 155 U. S. 607, 15 Sup. Ct. 194, 39 L. Ed. 275. My conclusion, therefore, is that the patent in suit involved invention and is valid.

There will be a decree for the complainant.