## INDIVIDUAL DRINKING CUP CO., Inc., v. SANITARY PRODUCTS CORPORATION.

(District Court, E. D. Pennsylvania. July 22, 1920.)

No. 2023.

Patents ⟺328—1,043,854, for drinking cup dispenser, valid and infringed.
  The Luellen patent, No. 1,043,854, for individual drinking cup dispenser, under prior decisions, *held* valid and infringed, on motion for preliminary injunction.

In Equity. Suit by the Individual Drinking Cup Company, Incorporated, against the Sanitary Products Corporation. On motions by defendant to dismiss and by complainant for preliminary injunction. Motion to dismiss denied, and preliminary injunction granted.

Henry P. Brown, of Philadelphia, Pa., and Dunn, Goodlet, Massie & Scott, of New York City, for plaintiff.

Joseph C. Fraley, of Philadelphia, Pa., and O. Ellery Edwards, Jr., of New York City, for defendant.

THOMPSON, District Judge. The defendant moves to dismiss the bill upon the ground that the plaintiff cannot ultimately prevail in any event, in view of admitted facts, which it is claimed by the de-

fendant establish the invalidity of the patents in suit. As to Luellen patent in suit, No. 1,043,854, the defendant relies on the Wilson and Neeley patent, No. 570,113, and the Bauer German patent, No. 45,842.

Taking up first the attack on No. 1,043,854, Judge Haight, in Individual Drinking Cup Co. v. United States Drinking Cup Co. (D. C.) 220 Fed. 331, passed on the question of anticipation by the Wilson and Neeley patent, and held that the use to which it was designed to be put, namely, a cabinet of cork holding and dispensing tubes, was not analogous to that of a device for storing and dispensing individual drinking cups, and the validity of the patent was sustained in the above-cited case on final hearing, as well as in Individual Drinking Cup Co. v. Osmun-Cook Co. (D. C.) 220 Fed. 335, on motion for preliminary injunction.

The Bauer patent was not cited before Judge Haight. It is now referred to as a defendant's exhibit in its motion to dismiss the bill. This patent has been examined, with its single claim, specifications and drawings, and I fail to see any similarity to Luellen, No. 1,043,854, in the principle or means by which the result—that is to say, the dispensing of the cups one at a time right side up—is accomplished. They are so entirely different that it does not seem necessary to discuss them. That being the situation, we have two decisions in this circuit in contested cases in which the patent has been held valid, with the only additional evidence of a patent which has no bearing on the question of anticipation. It is insisted, however, that the decision of the Circuit Court of Appeals of the Second Circuit in Individual Drinking Cup Co. v. Public Service Cup Co., 250 Fed. 620, 162 C. C. A. 636, is in conflict with Judge Haight's decisions in the cases above referred to. The Court of Appeals for the Second Circuit had under consideration certain claims of another patent covering a dispensing apparatus for paper cups, and held the patent valid and infringed by a vending machine for cups, but not infringed by a free dispenser.

Upon the evidence before me in the present suit, it is not demonstrated that the reasoning of the Circuit Court of Appeals for the Second Circuit, upon the question of the effect of the commercial development of the art upon the patent then before them, must be disregarded, if Judge Haight's ruling upon the patent in suit is followed. Judge Haight's opinions are directly in point, and for the purposes of the present motions must be taken as having established the validity of the patent.

The defendant has not established a right upon the record as presented to have the bill dismissed as to patent No. 1,043,854. It contends, however, that the bill should be dismissed as to the other patent in suit, No. 1,131,255. That patent was granted on an application filed November 18, 1914, which is a divisional application of an original application filed March 24, 1911.

I am not convinced that it is necessary to consider the motion to dismiss as to the junior patent, because the plaintiff can, for the purposes of maintaining its bill, rely upon the older patent, so that, if there is sufficient in the bill to preclude the conclusion that the plain-

tiff cannot under any circumstance recover, it is not necessary to consider the technical question raised by the defendant's construction of the decision of the Supreme Court in Chapman v. Wintroath, 252 U. S. 126, 40 Sup. Ct. 234, 64 L. Ed. 491, No. 117, October Term, 1919, Patent Office Gazette, vol. 272, page 913.

The motion to dismiss will therefore be denied.

Upon the motion for preliminary injunction, the defendant has, apparently for the purpose of the present motions, withdrawn its objection to the lack of proof of plaintiff's title, for in its rebuttal brief the court is asked to decide the case on its merits. The question of title being out of the way, and the validity of the patent being established for the purpose of this application by Judge Haight's decisions discussed above, the remaining questions are whether the plaintiff has established infringement and such irreparable damage as to justify the court in issuing a preliminary injunction.

I do not think it is seriously disputed that the defendant's dispenser No. 1 is as clearly an infringement as Plaintiff's Exhibit "United States Drinking Cup Company's Enjoined Dispenser," which is covered by Judge Haight's injunction. While the defendant's manufacturer has attempted to differentiate the device in appearance by the use of small projecting rollers at the withdrawal or lower extremity of the tubular container, it is impossible to see that in effect it is more than an equivalent of the ribbed device shown in the patent drawing in figure 2. Neither is there any real mechanical difference between the carton dispenser of the plaintiff and those of the defendant.

The plaintiff is entitled to a preliminary injunction upon the same grounds upon which Judge Haight based his decision in the cases of Individual Drinking Cup Co. v. United States Drinking Cup Co. (D. C.) 220 Fed. 331, and Individual Drinking Cup Co. v. Osmun-Cook Co. (D. C.) 220 Fed. 335.

A preliminary injunction may issue.