**In re BLISS.**

Court of Appeals of District of Columbia.
·Submitted March 14, 1928.    Decided
May 7, 1928.

No. 2053.

Patents ⬯⇒72(1)—Applicant held entitled to patent for fiber board shipping case.

Applicant for a patent for a fiber board shipping case, designed so that, in folding and adjusting corners, there will be double reinforcement and uniform strength from top to bottom, *held* entitled to a patent.

Appeal from the Commissioner of Patents.

Application for a patent by Herbert R. Bliss. From a decision denying the application, petitioner appeals. Reversed.

S. C. Barnes, of Detroit, Mich., and C. M. Thomas and F. D. Thomas, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents, denying appellant a patent for a fiber board shipping case.

The invention is described by the Examiner of Interferences as follows: "The invention claimed consists of a shipping case made from three blanks, a main blank, which has three panels and two cover wings, each panel having foldable corner flaps, the three panels, when folded, forming the two side walls and the bottom of the case, and two end blanks having foldable corner flaps. When the corner flaps of the main blank and the end blanks are folded against the adjacent blank, double reinforced corners are formed."

The references cited on which the patent was denied are as follows: (248) Lemon, 1,-428,597, September 12, 1922; (834) Bliss, 1,430,151, September, 26, 1922; (210) Walter, 1,198,293, September 12, 1916; (87) Forward, 1,160,871, November 16, 1915; (31) Morrow, 361,885, April 26, 1887.

The object of the inventor is to produce a fiber board box of superior strength by the use of a minimum amount of material, that will be able to withstand the hardships of shipping and will be strong enough to withstand the crushing strains, when stacked one upon another either in shipping or in warehouses. The advantages of the invention are described in the specification as follows: "I also find this case a great advantage in connection with damp goods, such as soap, butter, oleomargarine, and similar products. Soap shrinks and leaves a clearance in the inside of the package, so that the package itself has to be able to support the stresses and strains brought upon it in stacking and handling. Butter and oleomargarine are shipped in refrigerator cars and stored in refrigerators. The board becomes damp and soft, and great strength at the corners is needed to keep it in good condition."

The principal feature of appellant's invention consists in so folding and adjusting the corners that there will be a double reinforcement of the corners, of equal and uniform strength from top to bottom. This feature, we think, is not shown in any of the references, with the exception of possibly the patent to Morrow, which will be referred to hereafter.

The Forward and Koff patents relate to suit cases, but neither of these references disclose corners having uniform double column strength. A double angle strip corner of uniform width, extending from the top to the bottom of the box, is not disclosed. In these references the inside and outside flaps in the corners are so cut in triangular shape that the results obtained, so far as resisting crushing strains, are not comparable to the resistance obtained by appellant. In other words, while there would be in the suit cases produced by Forward and Koff considerable column strength at the top, this diminishes to nothing at the bottom. Besides, they disclose a waste of stock in construction, which is not found in appellant's device.

Coming to the patents to Lemon and Bliss, we find that they disclose only a single angle, and not the double angle of the device before us. In other words, it appears that the applicant has taken the main blank of the Lemon patent, which discloses the angle fold at the end of the box, and combined it with the two end blanks of the Bliss patent, with the angle fold at the sides, and by combining the two has secured practically double strength, with little increase in the amount of material used. The combination thus made by applicant removes his invention from the field of the Bliss and Lemon patents.

This brings us to the Morrow patent, which is used as a reference. This shows the double angle as applied in the construction of trunks. It belongs to a different art, namely, the baggage art, which is different from the art classified under paper recep-

tacles. While the use in the two inventions is similar, the method of construction is entirely different.

In inventions relating to simple articles, which consist largely in the making of valuable improvements over the prior art, it is quite usual to find a counterpart in some other art which is suggestive of the invention under immediate consideration. For example, an angle iron used to protect the edge of a wooden pavement did not anticipate an angle iron used to protect the edge of a concrete or asphalt pavement. Goodwin v. International Steel Tie Co. (C. C. A.) 2 F.(2d) 198. It was also held that a celluloid cap for salt cellars was not anticipated by a celluloid cap for talcum bottles. Westmoreland Specialty Co. v. Hogan (C. C. A.) 167 F. 327. It was likewise held that a metal dome, driven into the bottom end of chair legs to take the place of castors, is not anticipated by a similar device used on the bottom of travelers' grips. Barry v. Harpoon Castor Co. (C. C. A.) 209 F. 207.

While the present case is a close one, we are of opinion that the applicant has contributed something to the art, entitled to protection under the patent laws. It has been the policy of this court, as announced in many cases, to give the inventor the benefit of the doubt when any doubt exists. We think the present case comes within the rule, and that the applicant is entitled to a patent.

The decision of the Commissioner is reversed.