## Case No. 18,036.

### WOOSTER v. CRANE et al.

[5 Blatchf. 282; [1] 2 Fish. Pat. Cas. 583; Fent. Pat. 19.]

Circuit Court, S. D. New York. Oct. 7, 1865.

#### PATENT FOR REEL DESIGN—VALIDITY.

Under the eleventh section of the act of March 2, 1861 (12 Stat. 248), a patent for a design for a reel, consisting of the making of the reel in the shape of a well known mathematical figure, the reel itself, as an article of manufacture, being old, is not valid.

[Cited in Perry v. Starrett, Case No. 11,012; Western Electric Manuf'g Co. v. Odell, 18 Fed. 322; Foster v. Crossin, 44 Fed. 64.]

This was a final hearing in equity, on a bill [by Emma C. Wooster against Jason Crane and others] founded on letters patent, issued October 20, 1863, for a design for a reel to contain ruffles, ladies' dress trimmings and other goods, and consisting of two parallel discs of pasteboard connected by four bits of wood, on which the ruffle was wound between two pasteboard sides. The pasteboard was cut in the form of a rhombus with the angles rounded, and what the patentee claimed was "the design and configuration of the reel."

Thomas P. How, for plaintiff.
Samuel T. Freeman, for defendants.

BENEDICT, District Judge. The statute relied on, as giving to the plaintiff the right sought to be enforced, is the eleventh section of the act of March 2, 1861 (12 Stat. 248), which provides "that any citizen or citizens, or alien or aliens, having resided one year in the United States, and taken the oath of his or their intention to become a citizen or citizens, who, by his, her, or their own industry, genius, efforts and expense, may have invented or produced any new and original design, or a manufacture, whether of metal or other material, * * * or any new and useful pattern or print or picture, to be either worked into or worked on, or printed, or painted, or cast, or otherwise fixed on, any article of manufacture, or any new and original shape or configuration of any article of manufacture not known or used by others before his, her or their invention or production thereof, and prior to the time of his, her or their application for a patent therefor, and who shall desire to obtain an exclusive property or right therein to make, use and sell and vend the same, or copies of the same, to others, by them to be made, used and sold, may make application in writing to the commissioner of patents, expressing such desire, and the commissioner, on due proceedings had, may grant a patent therefor, as in the case now of application for a patent."

I am not aware that any judicial construction has been given to this section. No authorities were cited on either side, showing any adjudication upon the question involved. There seems to me, however, little doubt as to what should be the construction to be put upon it, when sought to be applied to a case like the present. In this case, the reel itself, as an article of manufacture, is conceded to be old, and not the subject of a patent. The shape applied to it by the plaintiff is, also, an old, well-known mathematical figure. Now, although it does not appear that any person ever applied this particular shape to this particular article, I cannot think that the act was intended to secure to the plaintiff an exclusive right to use this well-known figure in the manufacture of reels. The act, although it does not require utility in order to secure the benefit of its provisions, does require that the shape produced shall be the result of industry, genius, efforts and expense, and must, also, I think, be held to require that the shape or configuration sought to be secured, shall, at least, be new and original, as applied to articles of manufacture. But here the shape is a common one in many articles of manufacture, and its application to a reel cannot be said to be the result of industry, genius, efforts and expense. No advantage whatever is pretended to be derived from the adoption of the form selected by the plaintiff, except the incidental one of using it as a trademark. Its selection can hardly be said to be the result even of effort. It was simply an arbitrary, chance selection of many well-known shapes, all equally well adapted to the purpose. To hold that such an application of a common form can be secured by letters patent, would be giving to the act of 1861 a construction broader than I am willing to give to it.

The decree must, therefore, be for the defendant.