### FOSTER *v.* CROSSIN *et al.*

(*Circuit Court, D. Rhode Island.* October 18, 1890.)

PATENTS FOR INVENTIONS—JEWELRY PINS—NOVELTY.
    A design for jewelry pins, consisting of a piece of metal in the shape of a spoon or fork two inches long, precisely similar in appearance to common spoons or forks six inches long, lacks the novelty necessary to support a patent.

In Equity.
*Walter B. Vincent*, for complainant.
*John N. Brennan* and *Warren R. Perce*, for defendants.
Before GRAY, Justice, and COLT, J.

GRAY, Justice. This is a bill in equity to restrain the infringement of two patents, applied for and issued in 1884, for designs of jewelry pins, the one representing a spoon and the other a table fork. The specification of the first patent (omitting the introductory paragraph and the description of the drawings) is as follows:

"The leading features of my design consist in a plate, the outside and front surface of which is made to represent a spoon, with the continuous outline edge of the plate turned backward for a nearly uniform distance from its front, and also having an engraved, chased, or embossed handle." "The form and style of the ornamentation may be varied without affecting the general appearance of the whole design." "I claim as my invention the design for a jewelry pin herein shown and described, the same consisting of a plate having the shape of a spoon, with the outline edge of the plate turned backward

at a nearly uniform distance from its front, and the surface of the handle of the spoon showing an embossed or engraved ornamentation."

The corresponding parts of the specification of the second patent differ only in substituting "table fork" for "spoon" in the body of the specification and in the claim. Upon the filing of the bill the district judge granted a temporary injunction, and delivered an opinion reported in 23 Fed. Rep. 400. The case has now been heard upon pleadings and proofs. There is some conflict in the testimony. Taking the whole evidence as favorably as possible for the plaintiff, the material facts appear to be as follows: Before either of these patents was applied for, common spoons and forks, as well as jewelry pins in other shapes than spoons or forks, had been made, with the edges turned over as described in these patents. But jewelry pins in the shape of spoons and forks had never been made with the edges so turned, and the plaintiff's pins, by reason of their peculiar form and appearance, resulting from the turning of the edges, were easily distinguishable from such pins of other manufacturers, and had a readier and larger sale. Under section 4886 of the Revised Statutes, authorizing a patent to be granted to "any person who has invented or discovered any new and useful art, machine, manufacture, or composition of matter, or any new and useful improvement thereof, not known or used by others in this country, and not patented or described in any printed publication in this or any foreign country, before his invention or discovery thereof," it is well settled that the application of an old process or machine to a new or analogous subject, (although of very different size or material,) with no change in the manner of application, and accomplishing no result substantially different in its nature, will not sustain a patent. *Pennsylvania R. Co.* v. *Locomotive Safety Truck Co.*, 110 U. S. 490, 4 Sup. Ct. Rep. 220, and cases cited; *Peters* v. *Manufacturing Co.*, 129 U. S. 530, 9 Sup. Ct. Rep. 389; *Peters* v. *Hanson*, 129 U. S. 541, 9 Sup. Ct. Rep. 393. Under section 4929 a patent for a design can only be granted to "any person who by his own industry, genius, efforts, and expense has invented and produced any new and original design for a manufacture" or other thing mentioned in this section, "or any new, useful, and original shape or configuration of any article of manufacture, the same not having been known or used by others before his invention or production thereof, or patented or described in any printed publication." A patent under this section, indeed, is for the design which is the product of the invention, and not for the process or the means by which it is produced, and has less regard to the utility of the product than to the novelty and originality of its appearance. But in order to support a patent for a design, as for any other subject, under the acts passed by congress in the exercise of its constitutional power to secure to inventors the exclusive right to their discoveries, there must be some invention, and not a mere application to a new material of something already known. The design must be new and original, and not a copy or an imitation. This is required by the clear words of the section, and has been constantly recognized in the judicial decisions under it. *Clark* v. *Bousfield*, 10 Wall. 133, 139; *Gorham Co.* v. *White*, 14

Wall. 511, 524, 525; *Wooster* v. *Crane*, 5 Blatchf. 282, 2 Fish. Pat. Cas. 583; *Niedringhaus's Appeal*, 8 O. G. 279; *Northrup* v. *Adams*, 2 Ban. & A. 567; *Theberath* v. *Harness Co.*, 15 Fed. Rep. 246. The decisions under the corresponding provision of the English patent act are to the same effect. *Mulloney* v. *Stevens*, 10 Law T. (N. S.) 190; *Lazarus* v. *Charles*, L. R. 16 Eq. 117; *Windover* v. *Smith*, 32 Beav. 200; *Adams* v. *Clementson*, 12 Ch. Div. 714; *Dicks* v. *Brooks*, 15 Ch. Div. 22, 34; *Le May* v. *Welch*, 28 Ch. Div. 24; *In re Bach's Design*, 42 Ch. Div. 661. In the light of the words of the statute, and of the uniform course of decision upon the subject, we can have no doubt that a design for a piece of metal in the shape of a spoon or fork two inches long, precisely similar in appearance, both generally and in form of edge, to common spoons or forks six inches long, lacks the novelty necessary to support a patent. Bill dismissed, with costs.