## NORTHWOOD v. DALZELL, GILMORE & LEIGHTON CO.

(Circuit Court of Appeals, Sixth Circuit.   February 12, 1900.)

### No. 682.

PATENTS—VALIDITY—DEVICE FOR CRIMPING GLASSWARE.

The Northwood patent, No. 327,406, for an improvement in crimping devices for glassware, is void, as showing on its face lack of patentable invention.

Appeal from the Circuit Court of the United States for the Northern District of Ohio.

This was a suit in equity for infringement of a patent. A demurrer to the bill was filed in the circuit court, and in passing thereon the following opinion was rendered by RICKS, District Judge:

"This is a bill to establish the validity of letters patent No. 327,406, dated September 29, 1885, issued to the complainant for a crimping device for glassware. A demurrer has been filed to the bill, alleging that on the face it fails to disclose a patentable invention. The practice of testing patents by demurrer in the early stage of litigation has been growing. Judge Blodgett was perhaps the first judge to establish this practice, and he says concerning it: 'At the time I announced the decision in that case, I stated that its effect might be to encourage counsel to demur to bills for the infringement of patents in cases where, from their special knowledge of the art, they might be of the opinion that the device covered by the patent was old; and my anticipations in that respect have been fully realized, as that decision has already produced in this court quite a bountiful crop of demurrers in this class of cases.' He then proceeds to impress upon the practitioners the importance of scrutinizing closely the sort of common knowledge which enables the court to determine that the patent, upon its face, is not novel or useful, and concludes as follows: 'But when the judge before whom rights are claimed by virtue of the patent can say, from his own observation and experience, that the patented device is, in principle and mode of operation, only an old and well-known device in common use, he may act upon such knowledge. The case must, however, be so plain as to leave no room for doubt; otherwise, injustice may be done, and the right granted by the patent defeated without a hearing upon the proofs. * * * While I do not intend to lay down a rule, I am free to say that I should not feel justified in holding a patent void for want of novelty on common knowledge, unless I could cite instances of common use which would at once, on the suggestion being made, strike persons of usual intelligence as a complete answer to the claim of such patent.' Does this patent come within the rule laid down by the learned judge? The patentee says: 'This invention relates to a device for crimping or scalloping the edges of glass articles, such as lamp chimneys, smoke bells, gas and lamp shades, and, in fact, any form or design of glassware. These articles have heretofore been crimped by means of hand pinchers, or by molds, or by being forced edgewise against a series of radial blades or ribs. The hand process is too slow and expensive, and the molding process requires a costly assortment of molds, and is, besides, laborious. The method of crimping by means of a series of radial blades or ribs is more simple and cheap, but has a tendency to give the glass article a wrinkled form at the crimps by acting to push it into itself, and thickening it just where it is desirable to give it a graceful and neat appearance. My object is to crimp the ware quickly and easily, and to produce a neat and graceful effect by preserving the glass in an unwrinkled and unthickened condition. Accordingly, my invention consists in a suitable base or body, having a double series of pins, ribs, or guides, with their working edges inclined alternately in opposite directions, substantially as hereinafter fully described and claimed.' The patentee thereupon specifies the form of the mold over which the glass in the molten condition is pressed into the shape desired. That glass, under certain degrees of heat, is very ductile and plastic, and can be molded into almost any shape or form, is a matter of common knowledge, and lamps and

lamp chimneys made by pressing glass in such plastic condition over molds and forms have been in use for the past 20 years in almost every home in the land. A form is a shape around which the article is molded, woven, or wrapped; and forms of almost every conceivable pattern for giving shape to glass in the condition hereinbefore mentioned, or other flexible materials, are all familiar, not only to persons who have had experience in making, handling, or selling such articles, but are also matters of common knowledge to people who have observed their use, or have seen them exhibited as articles of manufacture for sale. Lamp chimneys in every form, convoluted or plain, have been made by the device claimed to be covered by this patent. The patent itself, on its face, states such a condition of prior art as to show that the changes and modifications he suggests are mere mechanical equivalents and devices, which do not rise to the dignity of invention. He seems to attach a great deal of importance to the fact that the edge of the glass, when pressed upon the mold, should not be wrinkled or thickened. This is a suggestion that would occur to any one familiar with the making of glassware, or to any one accustomed to exposing it for sale or using it. So I think that, applying Judge Blodgett's test to the patent now in suit, it is plain that it does not involve invention, and that it would be unjust to compel the defendant to go to the expense of taking proofs, and demonstrating by testimony and expert witnesses what seems plain, to wit, that this patent does not involve an invention. The demurrer is sustained, and the bill dismissed."

F. A. Quail, for appellant.
Almon Hall, for appellee.

Before TAFT, LURTON, and DAY, Circuit Judges.

PER CURIAM. The decree of the circuit court is affirmed, for the reasons stated in the opinion of Judge RICKS, set forth in the record.