## CHARLES BOLDT CO. v. NIVISON-WEISKOPF CO.

(Circuit Court of Appeals, Sixth Circuit. March 5, 1912.)

No. 2,165.

1. Patents (§ 28*)—Designs—Requisites to Validity.

The exercise of the inventive faculty, as well as originality and beauty, are all essential to the patentability of a design.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 33; Dec. Dig. § 28.*]

2. Patents (§ 310*)—Suit for Infringement—Demurrer for Invalidity of Patent.

The question of want of novelty and invention as disclosed by the specification of a patent may be raised by demurrer by a defendant charged with its infringement, and in a clear case, where, taking into consideration the common and general knowledge with respect to the art, the court can say that the want of novelty and invention is so palpable that it is impossible that evidence could show the fact to be otherwise, the bill may be dismissed.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*

Pleading in infringement suits—demurrer for want of novelty and invention, see note to Caldwell v. Powell, 19 C. C. A. 595.]

3. Patents (§§ 45, 49*)—Novelty—Evidence.

Extensive or general use of a patented article is evidence of its utility, but is not conclusive in that respect and much less of its patentable novelty.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 51–53, 59–62; Dec. Dig. §§ 45, 49.*

Utility, extent of use, and commercial success as evidence of invention, see note to Doig v. Morgan Mach. Co., 59 C. C. A. 620.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. PATENTS (§ 328*)—VALIDITY—DESIGN FOR BOTTLE.

    The Boldt design patent, No. 39,921, for a design for a bottle, is void on its face for lack of patentable novelty and invention.

Appeal from the Circuit Court of the United States for the Southern District of Ohio.

Suit in equity by the Charles Boldt Company against the Nivison-Weiskopf Company. Decree for defendant, and complainant appeals. Affirmed.

Littleford, James, Frost & Foster (Walter F. Murray and Francis B. James, of counsel), for appellant.

Lewis M. Hosea and Walter A. Knight (Hosea & Knight, on the brief), for appellee.

Before WARRINGTON and KNAPPEN, Circuit Judges, and SATER, District Judge.

SATER, District Judge. On April 20, 1909, the complainant obtained a patent, No. 39,921, for a design for bottles, claimed to be new, original, and ornamental. He sued the defendant for infringement. The patent was held invalid on demurrer, as not involving the exercise of inventive genius, and the bill was dismissed. The case is here to secure a reversal of the Circuit Court.

His claim is for the ornamental design for a bottle shown by the two figures appearing in his patent. The description and claim are sufficient. The purport of the description is that what the drawings represent as a whole is the invention, and it is that which is claimed when applied to bottles. Dobson v. Dornan, 118 U. S. 10, 14, 6 Sup. Ct. 946, 30 L. Ed. 63.

At the top of the neck is a lip, from the base of which the neck descends vertically until the enlargement of the interior of the bottle causes an outward curvature. When a diameter is reached which is slightly more than one-third of that of the main body of the bottle, the outer surface makes a brief vertical descent, causing an offset or collar-like effect, from the base of which an outward half-globular like expansion occurs until the full diameter of the cylindrical portion of the body is attained. The residue of the walls are perpendicular. Complainant's counsel describes the neck as terminating in a circular base or collar and as having the appearance of resting or bearing upon a flattened hemisphere, thus suggesting symmetry and strength. The bottle is an entirety and is devoid of all added ornamentation. The claim made in argument that the diameter of its cylindrical portion equals the height of the same portion is not borne out by an examination of the figure shown in the patent or by the sample exhibited for the court's inspection. The height exceeds the diameter

[1] This court, in Soehner v. Favorite Stove & Range Co., 84 Fed. 182, 28 C. C. A. 317, and Westinghouse v. Triumph Electric Co., 97 Fed. 99, 38 C. C. A. 65, assented to the doctrine that both novelty and the exercise of the inventive faculties are essential to the patentability of a design. The insistence, however, is that designs, excepting such as exhibit merely the imitative faculty or obtain a mechanical result

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and are therefore wanting in patentability, are patentable, if they are new and pleasing and increase the salability of the articles to which they respectively relate. A classification of decisions is attempted to show that this theory has prevailed excepting from about 1893 to 1900. During the excepted period the reported cases confessedly exact substantially as high an order of inventive genius for design patents as is required in mechanical patents. Numerous cases are cited, some of which tend to sustain complainant's theory. Others adopt the view that, in addition to novelty, pleasing effect, and increased salability, invention is prerequisite to patentability. Whatever confusion may have existed in the judicial minds of the lower courts as to the degree of invention essential to a valid design patent, Smith v. Whitman Saddle Co., 148 U. S. 674, 679, 13 Sup. Ct. 768, 770, 37 L. Ed. 606, forever put at rest all controversy on that subject by declaring that:

"The law applicable to design patents does not materially differ from that in cases of mechanical patents, and all the regulations and provisions which apply to the obtaining or protection of patents for inventions or discoveries * * * shall apply to patents for designs. * * * To entitle a party to the benefit of the act, in either case, there must be originality, and the exercise of the inventive faculty. In the one, there must be novelty and utility; in the other, originality and beauty. Mere mechanical skill is insufficient. There must be something akin to genius—an effort of the brain as well as the hand. The adaptation of old devices or forms to new purposes, however convenient, useful, or beautiful they may be in their new role, is not invention."

[2] The issuance of a patent gives rise to the presumption that it involves both novelty and invention. The dismissal of the bill denied to the complainant the right to produce evidence to support that presumption. The question of want of novelty and invention, as disclosed by the specifications of a patent, may be raised, however, by demurrer by a defendant who is charged with infringing the alleged invention (Richards v. Chase Elevator Co., 158 U. S. 299, 15 Sup. Ct. 831, 39 L. Ed. 991; Risdon Iron & Locomotive Works v. Medart, 158 U. S. 68, 15 Sup. Ct. 745, 39 L. Ed. 899; American Fibre-Chamois Co. v. Buckskin-Fibre Co. [C. C. A. 6] 72 Fed. 508, 18 C. C. A. 662), and in a clear case a court may dismiss the bill to establish the patent and enforce a remedy for its infringement (Milner Seating Co. v. Yesbera [C. C. A. 6] 111 Fed. 386, 49 C. C. A. 397; Northwood v. Dalzell, Gilmore & Leighton Co. [C. C. A. 6] 100 Fed. 98, 40 C. C. A. 295), and thus save the parties the expense and delay incident to litigation (Strom v. Weir [C. C. A. 6] 83 Fed. 170, 27 C. C. A. 502). Indeed, if the court can see that a patent is void on its face for want of invention, it need not look beyond it and may sua sponte adjudge it invalid, whether the defense of nonpatentability is made or not. Slawson v. Grand Street, etc., R. R. Co., 107 U. S. 649, 2 Sup. Ct. 663, 27 L. Ed. 576; Brown v. Piper, 91 U. S. 44, 23 L. Ed. 200. But to justify sustaining a demurrer to an infringement bill, adopting the language of Judge Taft, speaking for this court in American Fibre-Chamois Co. v. Buckskin-Fibre Co.:

"The court must be able, from the statements on the face of the patent, and from the common and general knowledge already referred to, to say that

the want of novelty and invention is so palpable that it is impossible that evidence of any kind could show the fact to be otherwise. Hence it must follow that, if the court has any doubt whatever with reference to the novelty or invention of that which is patented, it must overrule the demurrer, and give the complainant an opportunity, by proof, to support and justify the action of the patent office. This is the view which has been taken by the Supreme Court, and the most experienced patent judges upon the circuit."

To the same effect, see Milner Seating Co. v. Yesbera.

In considering a demurrer to a bill, such as the one before us, the court may take judicial notice of whatever is generally known within the limits of its jurisdiction, of facts of common and general knowledge tending to show that the device, process, or design patented is old or wanting in invention, and, if its memory is at fault, it may refresh the same by resorting to any means for that purpose deemed safe and proper to ascertain what facts were of common and general knowledge and had been published at the time the application for the patent was made. Brown v. Piper; American Fibre-Chamois Co. v. Buckskin Fibre Co.; Northwood v. Dalzell, Gilmore & Leighton Co.

[3] The demurrer admits the well-pleaded averments of the bill, and therefore admits that complainant's bottle has gone into extensive use. It is earnestly argued that its salability creates a presumption of patentable novelty. Extensive or general use of the bottle is evidence of its utility, but it is not conclusive evidence in that respect, much less of its patentable novelty. Where there is no invention, the extent of the use is not a matter of moment. McClain v. Ortmayer, 141 U. S. 419, 12 Sup. Ct. 76, 35 L. Ed. 800; Adams v. Bellaire Stamping Co., 141 U. S. 539, 12 Sup. Ct. 66, 35 L. Ed. 849; Drake Castle Pressed Steel Lug Co. v. Brownell & Co. (C. C. A. 6) 123 Fed. 86, 89, 90, 59 C. C. A. 216.

[4] The bottle shown in the patent is the old and familiar cylindrical bottle with a rounded top and a centrally rising neck with a collar-like base. Bottles of the same design, differing only in size and especially used for holding perfumeries, may be seen in many well-appointed drug stores of considerable size, and were so used long prior to the issuing of the patent. Other such bottles have not one only, but two or three, of the collar-like neck bases. Bottles with a cylindrical body, mounted by a hemispherical or oblate spheroidal surface bearing a neck with an offset base, like that shown in the patent, are seen in works on chemistry which issued from 40 to 50 years ago. Necks, like that shown in complainant's drawing, terminating in circular bases or collars of the same character as that delineated in the patent, appear in architecture, columns, balusters, bottles and vases of ancient times, and are seen in the electrical fixtures which, long prior to the date of the patent, were placed in the court room in which this case was heard, as well as in a wide range of other familiar articles of daily use. The complainant's bottles vary in size, but are intended to hold a considerable quantity of liquid. To obviate the danger of breakage, the patentee adopted the obvious and ancient method of thickening the walls and enlarging the base of the neck, thus distributing the stress of weight outwardly over a larger surface toward the outer vertical surface of the bottle. He did only

what had been done before and what would naturally and spontaneously occur to any mechanic or operator ordinarily skilled in the art of bottle making. His design lacks both patentable novelty and invention, and is clearly void.

The judgment of the court below is affirmed.