## ALUMINUM GOODS MFG. CO. v. BUCKEYE ALUMINUM CO.

(District Court, N. D. Ohio, E. D. May 26, 1923.)

No. 742.

1. Patents ⬳328—Design patents for aluminum articles held invalid.

The Luttringhaus design patents Nos. 48,560, 51,144, 53,309, 53,454, 55,187, 55,479, and 55,480 for aluminum articles of various kinds with rounded bodies and a belt of panels, *held* invalid for want of novelty, originality, or invention in view of the prior art.

2. Trade-marks and trade-names and unfair competition ⬳70(1)—Use of design for aluminum ware similar to plaintiffs held not unfair competition.

Where plaintiff's design patents for paneled aluminum ware were invalid and such designs had not acquired a secondary meaning as indicating origin of the product, defendant's use of similar design *held* not unfair competition though, because of competition, plaintiff had been compelled to reduce its price.

3. Patents ⬳72—Designs for silver, glass, and Brittania metal held part of prior art as to aluminum.

In determining validity of patents for designs for aluminum ware, designs applied to materials such as silver, glass, and Brittania metal constitute part of the prior art.

In Equity. Suit by the Aluminum Goods Manufacturing Company against the Buckeye Aluminum Company. Bill dismissed.

Brown, Boettcher & Dienner, of Chicago, Ill., and F. O. Richer and B. D. Watts, both of Cleveland, Ohio, for plaintiff.

Frease & Bond, of Canton, Ohio, for defendant.

WESTENHAVER, District Judge. This is a patent infringement suit, charging infringement of eight design patents, Nos. 48,560, 51,-144, 51,145, 53,309, 53,454, 55,187, 55,479, and 55,480, and also unfair competition by manufacturing and selling imitations of the articles to which the designs are applied. On hearing, No. 51,145 appeared not to be infringed and was withdrawn. All were applied for and issued to one Walter Luttringhaus. Title is now in plaintiff. No. 48,560 is a design for a coffee percolater. No. 51,144 is a design for a tea kettle. No. 53,309 is for a Berlin kettle. No. 53,454 is also for a Berlin sauce pan. No. 55,187 is for a cookery pot. No. 55,479 is for a pre-

serving kettle.  No. 55,480 is also for a Berlin kettle.  The body of these articles is made of aluminum.  Plaintiff, two years prior to the application dates therefor, made these articles with rounded bodies. The design for which the patents were issued consists merely in imposing a belt of panels around the body of each of them.  In manufacturing, the bodies are first drawn from aluminum metal, and the paneling is then stamped thereon.

Defendant urges as a defense to the infringement charge that no novelty, originality, or invention is present in any of those designs such as is required by law to support a design patent.  It also urges that No. 48,560 is void for double patenting in view of patent No. 48,559, a similar design patent issued to Luttringhaus.  It is also urged that all the remaining design patents are likewise void for double patenting, because anticipated by patents Nos. 48,559 and 48,560.  In addition thereto, defendant cites and has proved an immense volume of prior art, some of which, it is asserted, fully anticipates, and that, in view of this entire prior art, none of the designs is patentable.  Defendant has introduced 185 exhibits.  Most of these exhibits are specimens of prior art.  They consist of earlier design patents, catalogues, and other publications and physical specimens; in fact, they include nearly every article of kitchen or table ware in common use, including aluminum as well as glass, silver and Brittania metal ware.

[1] The defense of double patenting will not be considered or decided.  I am content to dispose of the infringement charge on the ground that there is no novelty, originality, or invention within the meaning of the law pertaining to design patents present in any one of these several design patents.  On June 27, 1913, a design patent No. 44,210 was issued to Luttringhaus for a coffee or tea pot, which, excepting the paneling, is precisely the same as the percolater design No. 48,560.  Furthermore, as already stated, plaintiff was making and selling the other articles more than two years prior to Luttringhaus' application dates, in the round form.  The question of patentability then comes down solely to the feature of paneling.  In the prior art, instances of similar paneling applied to the same or similar articles are numerous.  They are too numerous to review or examine in detail. It will be sufficient to draw attention to some of them by exhibit numbers, namely 11, 12, 13, 14, 17, 18, 20, 21, 22, 29, 30, 31, 47, 53, 68, 80, 81, to 85, inclusive, 91 to 113, inclusive, 180, 181, and 182.  Indeed, it is not too much to say that if applying panels to rounded bodies could involve originality or invention, Exhibits 81 to 85, inclusive, catalogue and physical specimens of Wagner aluminum ware would, in my opinion, constitute a complete anticipation.  The differences between Wagner and plaintiff's ware are slight and not sufficient to distinguish them in a patentable sense.

The authorities cited by counsel have been duly considered.  If there is any conflict in the law, the principles which, in my opinion, are correct and should be followed, will be found in the following cases: Gorham v. White, 14 Wall. 511, 20 L. Ed. 731; Smith v. Whitman Saddle Co., 148 U. S. 674, 13 Sup. Ct. 768, 37 L. Ed. 606; Chas. Boldt Co. v. Nivison-Weiskopf (6 C. C. A.) 194 Fed. 871, 114 C. C. A. 617;

Westinghouse, etc., Co. v. Triumph Elec. Co. (6 C. C. A.) 97 Fed. 99, 38 C. C. A. 65; Steffens v. Steiner (2 C. C. A.) 232 Fed. 862, 147 C. C. A. 56; Northrup v. Adams, Fed. Cas. No. 10328; Foster v. Crossin (C. C.) 44 Fed. 62. Steffens v. Steiner is important because of its relation to earlier decisions of the Court of Appeals, Second Circuit, specially relied on by plaintiff's counsel. Those decisions were of such a nature as to mislead the district judge into an erroneous view of what constitutes invention in a design patent, who held that the test proper to be applied is that a design made up of a combination of old elements is patentable, even though it required to produce it no skill beyond that of a skilled designer. It is pointed out that this is an erroneous statement of the law and of the purport and effect of the earlier decisions of that Circuit Court of Appeals, and that the standard of novelty, originality, and invention as declared and established by the authorities above cited is the true one. Foster v. Crossin, a decision by Mr. Justice Gray, and Northrup v. Adams, are important because they have been so universally approved and followed, particularly in Smith v. Whitman Saddle Co. The consistency with which the courts have followed the principles of these cases is evidenced by Rose's notes to Smith v. Whitman Saddle Co., from which it appears that in 27 cases in which it has been cited, all the design patents were declared invalid for want of novelty, originality, and invention, with the exception only of 3. Due consideration has been given to plaintiff's contention that its ability to sell the paneled ware side by side with the round ware at a higher price, and that its sales of both lines of ware have increased since putting out the paneled ware, is evidence of invention. In Chas. Boldt Co. v. Nivison-Weiskopf, similar arguments were urged upon the Circuit Court of Appeals of this circuit, without success, and are not entitled in this case to any greater weight or consideration.

[2] Plaintiff's charge of unfair competition is not sustained. Defendant, it is true, is making and selling articles of paneled aluminum ware substantially if not exactly similar. Plaintiff's complaint is that when its ware was first placed on the market, it commanded a price of $1.20 a dozen more than similar round ware, but that as a result of competition it has since been obliged to reduce the differential to 60 cents a dozen. This reduction and the competition of other paneled ware which produced it took place before defendant began to make and sell its paneled aluminum ware. Hence the charge of unfair competition rests solely upon the fact that plaintiff first began to make and sell paneled aluminum ware. If plaintiff has not a valid patent, the public is entitled to the benefit of this reduction in price. As was said by Mr. Justice Brown in Pope Mfg. Co. v. Gormully, 144 U. S. 224, 234, 12 Sup. Ct. 632, 636 (36 L. Ed. 414):

"It is as important to the public that competition should not be repressed by worthless patents, as that the patentee of a really valuable invention should be protected in his monopoly."

The Wagner aluminum ware was being made and marketed before plaintiff began to make and sell. No evidence is offered tending to show that the design or appearance of plaintiff's ware has acquired a secondary meaning as indicating the origin of the product. No evi-

dence is offered tending to show that plaintiff had established any trade or good will in the present form of its aluminum ware under cover of which defendant, or any one else, might by fraud or confusion of goods sell its product under favor of any public knowledge or public reputation of plaintiff's product and thereby appropriate to itself some part of plaintiff's good will or business. These are elements essential to the support of a charge of unfair competition.

The cases in which unnecessary imitation of nonfunctional parts has been considered as an important or a vital factor in sustaining a charge of unfair competition, even if correctly decided, have no application in this situation. This case falls clearly within the following decisions of the Circuit Court of Appeals of this circuit: Computing Scale Co. v. Standard Computing Scale Co., 118 Fed. 965, 971, 55 C. C. A. 459; Globe-Wernicke v. Macey Co., 119 Fed. 696, 56 C. C. A. 304; Rathbone-Sard & Co. v. Champion Steel Range Co., 189 Fed. 26, 110 C. C. A. 596, 37 L. R. A. (N. S.) 258; Detroit Show Case Co. v. Kawneer Mfg. Co., 250 Fed. 234, 162 C. C. A. 370. The decision in Howard Dustless Duster Co. v. Carleton (C. C.) 185 Fed. 999, cited by plaintiff, was recalled and disapproved by the judge who delivered it, in 187 Fed. 472. The principles of Rathbone, Sard & Co. v. Champion Steel Range Co., requiring priority of appropriation and establishment of a tradename or appearance as essential to the law of unfair competition, are supported by Theo. Rectanus v. United Drug Co. (6 C. C. A.) 226 Fed. 545, 141 C. C. A. 301; Hanover Star Milling Co. v. Metcalf, 240 U. S. 403, 36 Sup. Ct. 357, 60 L. Ed. 713; United Drug Co. v. Rectanus Co., 248 U. S. 90, 39 Sup. Ct. 48, 63 L. Ed. 141.

[3] In my consideration of the prior art I have accorded a place therein to designs applied to material other than aluminum, such as silver, glass, and Brittania metal. This is undoubtedly the correct rule. 1 Robinson on Patents, § 206; Tyler v. St. Amand (D. of C. App.) 94 O. G. 1969; Foster v. Crossin (C. C.) 44 Fed. 62.

Plaintiff's bill will be dismissed, at its cost.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes