## IMPERIAL GLASS CO. v. A. H. HEISEY & CO.

(Circuit Court of Appeals, Sixth Circuit. December 4, 1923.)

No. 3845.

1. **Patents ☞328—Sanford design patent, No. 43,852, for design for nappy, held void for lack of invention.**

The Sanford design patent, No. 43,852, for design for nappy, *held* void for lack of originality, in view of prior publications and prior structures.

2. **Patents ☞68—Trade catalogues held "printed publications," within patent law.**

Printed manufacturers' catalogues, circulated among the trade and containing illustrations of designs, *held* "printed publications," within the meaning of the patent statute.

[Ed. Note.—For other definitions, see Words and Phrases, Printed Publication.]

3. **Patents ☞28—Slight change in existing design held not sufficient to sustain patent.**

The substitution on an existing piece of glassware having flutes, of a slightly different form of flute, already in common use on other articles, *held* not sufficient to sustain a design patent.

Appeal from the District Court of the United States for the Eastern Division of the Southern District of Ohio; John E. Sater, Judge.

Suit in equity by A. H. Heisey & Co. against the Imperial Glass Company. Decree for complainant, and defendant appeals. Reversed and remanded.

H. E. Dunlap, of Wheeling, W. Va., and William L. Symons, of Washington, D. C., for appellant.

Robson D. Brown, of Pittsburgh, Pa. (Kay, Totten & Brown and Robert D. Totten, all of Pittsburgh, Pa., on the brief), for appellee.

Before DENISON and DONAHUE, Circuit Judges, and WEST-ENHAVER, District Judge.

DENISON, Circuit Judge. The District Court made the usual interlocutory decree for injunction and accounting in a suit brought for

the infringement of design patent, No. 43,852, issued to plaintiff below April 15, 1913, upon an application filed by A. J. Sanford, February 3, 1913. The design is said to be for a nappy, which is defined by the testimony as a round bowl for containing fruit, preserves, sauce, or anything of that sort. It is shown in the following figure:

The ornamentation consists of a series of panels, called flutes, which in horizontal cross-sections show a concave recess extending in from the otherwise smooth exterior surface. At the upper end this concavity is brought out to the surface upon lines vertically concave, and the contact line between the smooth surface and the flute takes the form of an arch or curve at the corners, connected by a straight horizontal line. The whole may be described as a flat top arch. This leaves above it a horizontal band of plain glass.

[1] In a considered opinion, the District Court concluded that there was infringement. This result is not seriously questioned, if the patent is given even that minimum narrow scope which it must have in order to be treated as valid. While recognizing the rule that a design patent must disclose something more than ordinary skill in arrangement of common features in order to be valid (Boldt v. Nivison Co. [C. C. A. 6] 194 Fed. 871, 114 C. C. A. 617; Mygatt v. Schaffer [C. C. A. 2] 218 Fed. 827, 134 C. C. A. 515; Steffens v. Steiner [C. C. A. 2] 232 Fed. 862, 147 C. C. A. 56), the District Court also concluded that this patent successfully passed that test. We are compelled to reach the opposite conclusion; and, in so doing, we depend particularly upon two considerations.

[2] The first is this: The defendant produced printed catalogues of different glass manufacturers, including some of its own, all evidently issued for circulation among the trade, and all of which defendant's superintendent testified had been in his possession since before 1911. These catalogues showed a great variety of designs tending to support the defense, and, if they do not anticipate, they at least emphasize the trifling character of the distinction upon which the patent must stand. The trial court rejected these, thinking that they were not prior publications within the meaning of the patent law, and basing this conclusion upon Reeves v. Keystone Co., 20 Fed. Cas. 466, 471, No. 11,660;

and Britton v. White Co. (C. C.) 61 Fed. 93. We think these catalogues should have been received and considered. Certainly manufacturer's catalogues so circulated are more effective in spreading information among persons skilled in that art than if the same catalogues were only on file in some public library. Reeves v Keystone Co., arising under the act of 1836 (5 Stat. 117), merely holds that the publication of a manufacturer's catalogue, which is not found in a library, must be proved by some evidence other than the imprint. Whether such imprint would, under the present statute, be prima facie evidence of publication, need not be decided.

The evidence of the superintendent that these catalogues had been sufficiently circulated to bring them to his notice and possession is enough to indicate due publication. The decision in Britton v. White Co. (D. C. Conn.), seems to be in point, but we think it is mistaken. It depends (61 Fed. 95) upon Reeves v. Keystone Co. (which, as we have seen, does not support it), Parsons v. Colgate (C. C.) 15 Fed. 600, and Fermentation Co. v. Koch (C. C.) 21 Fed. 587. The former (D. C. N. Y.) stands upon the distinction that the act of 1836, which governed that patent, called for prior description in a "public work," instead of in a "printed publication," as is specified in the present statute, and in the latter (C. C. Mich.) this distinction was overlooked.

The second consideration controlling in our minds is the fact that, as early as 1908, defendant was producing and marketing a nappy or berry bowl which is in evidence as Exhibit M, and which was identical with the design patent in every respect save two. One difference was that the flutes were relatively wider, and with the same sizes of bowls there would be about two-thirds as many flutes in Exhibit M as appeared in the patented design. The other difference was that, in Exhibit M, the top of each flute was in the form of an arc instead of a flat-topped arch. The first is plainly one which has no differentiating importance—at least when the distinction is as that between 16 and 24. The second likewise does not impress us as substantially changing the appearance of the design; but, however that might be, we find also that the precise form of flute in this respect was in common use by defendant and others as early as 1909, upon jelly glasses, tumblers, sugar bowls, syrup pitchers, and a line of table glassware, which line, however, did not then commercially include nappies.

[3] While we do not question that patentable designs may arise from regrouping familiar forms and decorations, yet when all that was done was to take an existing piece of table glassware having these flutes, and substitute a slightly different form of flute already in common use on other articles of domestic table glassware, we are satisfied that there can be no patent monopoly. Smith v. Whitman Co., 148 U. S. 675, 13 Sup. Ct. 768, 37 L. Ed. 606; Knapp v. Will Co. (C. C. A. 2) 273 Fed. 380; Whiting Co. v. Alvin Co. (C. C. A. 2) 283 Fed. 77.

For these reasons, the decree must be reversed, and the case remanded, with instructions to dismiss the bill.