## COFFIELD v. SUNNY LINE APPLIANCE, Inc.

(Circuit Court of Appeals, Sixth Circuit. April 1, 1924.)

No. 3939.

1. Patents ☞313—Motion to dismiss not sustained, unless lack of patentability palpable.

A motion to dismiss in a patent case cannot be sustained, unless the lack of patentability is so palpable that no conceivable evidence could show the fact to be otherwise, though in a sufficiently clear case the court will refuse to hear the necessarily useless proofs and dismiss the bill.

2. Patents ☞328—1,270,379, claims 8, 9, 10, held invalid.

Coffield patent, No. 1,270,379, claims 8, 9, 10, relating to form and arrangement of driving gear for washing machines, and to the washing cylinder or clothes receptacle, *held* invalid for want of invention.

3. Patents ☞36—Commercial acceptance and success not persuasive, where invention clearly lacking.

Commercial acceptance and success are not persuasive in a case clearly lacking in invention.

4. Patents ☞20—Mere transposition of parts does not disclose invention.

Mere transposition of parts, or convenient assembly or removability, does not disclose invention.

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Suit in equity by James L. Coffield against the Sunny Line Appliance, Inc. Decree for defendant, and plaintiff appeals. Affirmed.

Edward L. Reed, of Dayton, Ohio (Angell, Turner & Dyer, of Detroit, Mich., on the brief), for appellant.

Edward N. Pagelsen, of Detroit, Mich., for appellee.

Before DENISON and DONAHUE, Circuit Judges, and JONES, District Judge.

DONAHUE, Circuit Judge. This appeal involves the validity, and, if valid, the question of infringement by appellee, of claims 8, 9, and 10 of United States letters patent No. 1,270,379, issued to James L. Coffield, June 25, 1918, on his application filed October 9, 1917. The patent relates to the form and arrangement of driving gear for washing machines and to the washing cylinder or clothes receptacle. The claims in suit are printed in the margin.[1]

[1]"8. In a driving gear for washing machines, the combination of an oscillating clothes receptacle, a frame supporting said clothes receptacle, including two side frame members, driving means and a wringer supporting member; said driving means and wringer supporting member being mounted wholly on one of the side frame members and removable as a unit therewith.

"9. In a driving gear for washing machines, an oscillating clothes container, side frame members in which it is mounted, a main driving shaft, an upright shaft geared thereto, connections between the upright shaft and the clothes container for imparting an oscillating movement to the latter from the rotary movement of the driving shaft, and a wringer supporting member; said wringer supporting member and the elements of the driving gear being

The defendant in its answer denied the validity of these claims, pleaded a number of prior art patents, attached thereto certified copies of these patents, and thereupon moved the court to dismiss the bill of complaint, on the ground that claims 8, 9, and 10 are shown to be invalid by the record. Upon the hearing of this motion the defendant also exhibited to the court one of the claimed infringing machines, and it appears from the opinion of the court that counsel for plaintiff then admitted that—

"motor-driven washing machines of that type were old at the time the patentee entered the field but explained that in the old machines parts of the mechanism which oscillated the clothes receptacle were mounted on both end frames, which made the upkeep or proper alignment of the bearings for the small stub shafts of the clothes receptacle quite difficult. Counsel for plaintiff also stated that two years of work were required to produce plaintiff's machine, and argued that this indicated that great difficulties had been overcome in arranging the operating mechanism for the clothes receptacle and the wringer on one side frame."

The trial court sustained defendant's motion and dismissed the bill of complaint. A motion to dismiss, based in part upon an answer, is an anomaly in practice; but it does not appear from the record that plaintiff then offered any objection to the filing or hearing of this motion; on the contrary, he voluntarily made the admissions and statements above recited. Such a motion, perhaps, most closely resembles a final hearing on bill and answer. In this case no replication was filed, yet we doubt whether the submission was intended by defendant to be final. More probably it was intended to create the situation that would exist if the bill exhibited the older patents and the infringing structure, and the motion to dismiss were then made. The plaintiff might then rightly suppose the existence of any invention supporting proof which he might in good faith propose to make, while the defendant would seem to have the right to take proof if its motion were denied.

[1] We are asked to sanction the practice here adopted; but we do not see how it can well be authorized against the objection of either party. This court has many times passed upon the situation arising in patent cases upon a demurrer or motion to dismiss. Such a motion cannot be sustained, unless the lack of patentability is so palpable that no conceivable evidence could show the fact to be otherwise. American Co. v. Buckskin Co. (Taft, C. J ) 72 Fed. 508, 18 C. C. A. 662; Milner Co. v. Ysbera (Severens, C. J.) 111 Fed. 386, 49 C. C. A. 397; Ferro Co. v. Concrete Co. (Warrington, C. J.) 206

mounted wholly on one of the side frame members and removable therewith as a unit.

"10. In a driving-gear for washing machines, supporting frame comprising two side frame members, a washing receptacle mounted between said side frame members, a wringer, driving means for said washing receptacle, driving means for said wringer, and a main driving mechanism common to both the driving means of the washing receptacle and the driving means of the wringer; said main driving mechanism being supported wholly on one of the said side frame members, and the driving means for the washing receptacle and the driving means for the wringer being likewise mounted upon the same side frame member."

Fed. 666, 124 C. C. A. 466; International Co. v. Seivert (Knappen, C. J.) 213 Fed. 225, 129 C. C. A. 569. Yet, in a sufficiently clear case the court will refuse to hear the necessarily useless proofs and dismiss the bill. Heaton Co. v. Schlochtermyer (Taft, C. J.) 72 Fed. 520, 18 C. C. A. 674; Strom Co. v. Weir Co. (Severens, C. J.) 83 Fed. 170, 27 C. C. A. 502; Northwood v. Dalzell (Ricks, D. J.) 100 Fed. 98, 40 C. C. A. 295; Boldt Co. v. Nivison Co. (Sater, D. D.) 194 Fed. 871, 114 C. C. A. 617. By the principles of these cases, this record must be judged.

[2] The prior patent art had two classes of devices of this general type—one in which the tub, holding the water and the clothes, was made to oscillate by a hand lever at one end; the other in which the tub was stationary, and held within it a more or less open cylinder, as of slats, which was the immediate clothes container and which was, by power-driven gearing mounted on the frame, made to oscillate within the water body. Coffield's patent drawing shows an oscillating tub of the first type, driven in the general manner of the second; but this combination is further to be affected by the express admission that such tubs, of this first type, had been oscillated by power gearing applied to both ends of the shaft. In addition to this combination of these two types, the claims involved nothing new ·excepting that the gearing, which had been in part on the end of the stationary tub, was all transferred to and carried by the main standard, and this standard with its gearing was made readily removable from the tub.

[3] Upon such a motion to dismiss we think it must be conceded to plaintiff that the "clothes receptacle" of his claims is intended to refer to an oscillating water carrying tub, and would not reach the clothes cylinder of the second type. It also must be conceded, in accordance with what plaintiff says he could prove, that the patented device is extremely efficient and permanent mechanically, and has had an unusual measure of commercial acceptance and success. In spite of these considerations, we cannot find invention. Commercial acceptance and success are not persuasive in a case so clearly lacking in invention as we think this is. Boldt v. Nivison Co., 194 Fed. 871, 114 C. C. A. 617; Keene v. New Idea Co., 231 Fed. 701, 710, 145 C. C. A. 587.

[4] Mere transposition of parts, or convenient assembly or removability, does not disclose invention. Mast, Foos Co. v. Stover Co., 177 U. S. 485, 493, 20 Sup. Ct. 708, 44 L. Ed. 856; Hermann v. Youngstown Co. (C. C. A. 6) 191 Fed. 579, 586, 112 C. C. A. 185. Even if the inclusion in the claims of mechanism pertaining to the support and operation of the wringer could escape the charge of mere aggregation (United Co. v. Gas Co. [C. C. A. 6] 228 Fed. 684, 143 C. C. A. 206; Grinnell Co. v. Johnson Co., 247 U. S. 426, 432, 433, 38 Sup. Ct. 547, 62 L. Ed. 1196), yet they cover only combinations of elements old in the art, producing no new results in the sense of the patent law. This court has many times held patents invalid that were no more vulnerable to this objection than is this one. Keene v. New Idea Co., supra; Huebner Co. v. Mathews, 253 Fed. 435, 447, 165 C. C. A. 177.

This case is clearly one in which expert evidence, in addition to what must be conceded to the plaintiff, could be of little or no use to a court in determining the state of the art. Muser v. Bell (C. C. A.) 278 Fed. 904.

For the reasons stated, the decree of the District Court is affirmed.