## In re BARBER.
### Patent Appeal No. 3048.

Court of Customs and Patent Appeals.
Dec. 27, 1932.

Bohleber & Ledbetter, of New York City (Frederick Griswold, Jr., of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

Appellant has made application to the United States Patent Office for a patent upon a claimed new, original, and ornamental design for a flash-light tube. The design is embodied in a form of a flash-light tube, having a tubular body member, with screw threads for caps at each end, with circumferential beads near each end back of the threads, and with the body between these beads provided with longitudinal corrugations. These corrugated portions consist of six stripes, each having approximately nine parallel corrugations, which corrugations terminate at each end, some distance from said beads. Between the corrugated portions and between the ends of the corrugations and the beads, the surface of the tube is smooth. This arrangement, it is claimed by the appellant, gives the design the appearance of being panelled, and thus distinguishes it

from the references which were cited by the Examiner and Board of Appeals, both of which tribunals rejected the claim for a patent.

These references are: Harsha, 22,186, January 31, 1893; Arkell, 29,594, November 1, 1898; "Long Range Pocket Flashlight," shown in Price List issued by National Carbon Company, Inc., of New York (May 1, 1926).

The basic reference relied upon is the design for a flash-light tube shown in the price list of the National Carbon Company. This reference shows a flash-light tube having threaded ends, and beads substantially as shown by appellant here. It also shows a series of corrugations extending lengthwise of the tube, these also ending at some distance from each end of the tube, the only appreciable difference between appellant's design and that of this reference is that, in the reference, there are but three corrugations in each longitudinal stripe, and the intervening smooth portions are comparatively wider. There are also a greater number of such stripes in said reference.

The Board of Appeals calls attention to the fact that there is nothing inventive in appellant's design for a multiplicity of corrugations, arranged as appellant has arranged them, in view of Harsha, who shows stripes of four corrugations, and Arkell, who shows six. We agree with the Board in this respect.

The single question involved here is whether appellant's design is original and inventive. This must be determined by the appeal of the design to the eye. The number of corrugations may differ somewhat, but is the essential conception of the designer the same? To our minds, no substantial distinction exists, and the design is therefore unpatentable. Gorham Mfg. Company v. White, 14 Wall. 511, 526, 20 L. Ed. 731; Imperial Glass Co. v. A. H. Heisey & Co. (C. C. A.) 294 F. 267; Martin Copeland Co. v. Pilot Elec. Co. (C. C. A.) 32 F.(2d) 235; In re Walter, 39 F.(2d) 724, 17 C. C. P. A. 982; In re Schierholtz, 45 F.(2d) 283, 18 C. C. P. A. 765; In re Jordan, 53 F.(2d) 274, 19 C. C. P. A. 726; In re Sadacca, 56 F.(2d) 1085, 19 C. C. P. A. 1123.

The decision of the Board of Appeals is affirmed.

Affirmed.